RIDDLE, APPELLEE, *v.* STATE PERSONNEL BOARD OF REVIEW; OHIO CIVIL RIGHTS COMMISSION, APPELLANT.

(No. 86AP-873—Decided
June 30, 1987.)

*Legal Aid Society of Cincinnati,
Elaine E. Fink* and *Mary Asbury,* for
appellee.

*Anthony J. Celebrezze, Jr.,* attorney general, and *William Scott
Lavelle,* for appellant.

McCORMAC, J. Robyn R. Riddle, appellee, was employed by the Ohio Civil Rights Commission, appellant, as a clerical specialist and certified in that classification until she resigned for personal reasons effective April 1, 1983. On September 21, 1983, Riddle requested re-employment with the Civil Rights Commission telling it that she would be willing to accept a classification below clerical specialist. She was rehired on this basis and was temporarily employed as a clerical specialist until an eligibility list for a typist 2 slot expired. When the list expired, Riddle was demoted to typist 2, effective January 23, 1984. She appealed this demotion, which appeal was dismissed because the demotion was voluntary.

Riddle continued to work in the provisional typist 2 position until August 19, 1984, when she was certified against because she had not received a passing score for certification in that classification. She then sought to return to her previous position as clerical specialist but was denied the opportunity to do so.

Upon appeal to the State Personnel Board of Review, it was held that Riddle was certified against in a procedurally correct manner, and that she was not entitled to be reinstated to her previous position as a certified clerical specialist.

Riddle appealed to the Franklin County Court of Common Pleas, which reversed the board's order, finding that the board had failed to comply with Ohio Adm. Code 123:1-24-03(C), which required the Ohio Civil Rights Commission to reinstate Riddle to her former certified position of clerical specialist.

The Ohio Civil Rights Commission has appealed asserting the following assignments of error:

"1. The court below erred to the prejudice of the Ohio Civil Rights Commission when it erroneously determined that it had subject matter jurisdiction over appellee's appeal.

"2. The court below erred to the prejudice of the Ohio Civil Rights Commission when it failed to apply the doctrine of estoppel in permitting appellee to return to her clerical specialist position.

"3. The court below erred to the prejudice of the Ohio Civil Rights Commission when it misinterpreted O.A.C. 123:1-24-03 under the particular facts of this case."

The first issue raised in the appeal is whether there was subject matter jurisdiction in the common pleas court to hear the appeal from the State Personnel Board of Review. The appeal which is crucial to this case is based upon the denial of Riddle's claimed right of continued employment with appellant in the position of a certified clerical specialist.

Appellant contends that the board took jurisdiction over appellee's appeal pursuant only to R.C. 124.56, which pertains to investigative powers and which does not confer jurisdiction upon the Franklin County Court of Common

Pleas to hear appeals therefrom. See *Singh* v. *State* (1982), 7 Ohio App. 3d 269, 7 OBR 349, 455 N.E. 2d 522. While that argument would be correct had the board's jurisdiction been based solely upon the provisions of R.C. 124.56, it is not valid based upon the circumstances of this case. Jurisdiction was not based upon the appellee's losing her typist 2 position by being certified against, which order was clearly proper, but it was based upon the refusal of appellant to return her to her former position of clerical specialist for which she was certified. This action was not technically a removal and it was not for disciplinary purposes. Hence, the provisions of R.C. 124.34 do not apply since appeal to the State Personnel Board of Review based upon that section applies only in cases of removal or reduction of pay for disciplinary purposes. However, R.C. 124.03(A) empowers the State Personnel Board of Review to "[h]ear appeals, as provided by law, of employees in the classified state service from final decisions of appointing authorities * * * relative to reduction in pay or position, job abolishments, layoff, suspension, discharge, assignment or reassignment to a new or different position classification, or refusal of the director [of administrative services] * * * to reassign an employee to another classification or to reclassify his position pursuant to a job audit * * *." Appellant would be correct, if this case had been a classic discharge case for which appeal to the board is not provided by R.C. 124.34, that R.C. 124.03(A) could not be used to expand the jurisdiction. However, this case is comparable to a layoff case and should be treated in that manner. Appellee was temporarily placed in a vacancy in the clerical specialist position and then was denied the right to return to the clerical specialist position for which she was certified, after being properly removed from her provisional position as typist 2. The reason given for that refusal was that there were no vacancies available in the clerical specialist position as well as that appellee had agreed to be rehired at a position lower than that classification. Hence, the appeal to the board was from a claim that she was denied the position which she was entitled to by law, not that she was discharged from the position or that there were any disciplinary reasons. Thus, an appeal to the board should be allowed in the same manner as if a layoff were involved pursuant to R.C. 124.03(A). See *Kendrick* v. *Masheter* (1964), 176 Ohio St. 232, 27 O.O. 2d 128, 199 N.E. 2d 13; R.C. 124.328. The board's action is thus appealable to the common pleas court pursuant to R.C. 119.12.

If an appeal were not allowed under these circumstances, a certified employee could be denied a position to which she was legally entitled without any right of appeal so long as the action was taken for nondisciplinary reasons.

Appellant's first assignment of error is overruled.

Appellant next contends that the common pleas court erred when it applied Ohio Adm. Code 123:1-24-03 to appellee's situation on the basis that the rule required her to be reinstated to her former position as a clerical specialist.

The common pleas court did not err in this respect. Ohio Adm. Code 123:1-24-03 provides as pertinent as follows:

"(C) Return to previous classification following being certified against by certification eligible list. Whenever an employee is in a provisional status following a classification change from a classification in which he was certified, and is certified against by a certification eligible list, the employee shall be returned to the classification

he formerly held subject to the provisions of this rule. Any right to be returned to a formerly held certified position shall be:

"(1) Limited to the two-year period following the effective date the employee lost his certified status; and

"(2) Effective for the two-year period so long as the employee has not received a subsequent classification change.

"(D) Return to classification with comparable duties and same pay range. If an employee is certified against by a certification eligible list and the former classification to which he has rights to return under paragraph (C) of this rule is not used, or cannot be used by the appointing authority, the director shall designate a classification with comparable duties and the same pay range as that classification formerly held by the employee. The employee shall then be placed in the newly designated classification as a certified employee in the agency in which the action to certify against the employee by certification eligible list occurred.

"If a similar classification in the same pay range cannot be designated, the employee will be treated as laid off under the provisions of sections 124.321 to 124.327 of the Revised Code and Chapter 123:1-41 of the Administrative Code, and shall be placed on a layoff list in the former classification as a certified employee."

All of the conditions of Ohio Adm. Code 123:1-24-03 have been fulfilled. The rule is applicable to appellee's situation. When she was rehired and placed in the clerical specialist position, she was certified in that position as she had been certified previously. While her transfer to the provisional position of typist 2 was held to be voluntary, the fact remained that she had voluntarily transferred to that provisional status from a classification in which she was certified. Everything happened in the time period specified by the rule and she was certified against from a certification eligible list which established the requirement that she be returned to the certified classification she formerly held. There is nothing in the rule to indicate that the taking of a provisional status in a lower classification changes the operation of the rule. Hence, the trial court correctly found that Ohio Adm. Code 123:1-24-03 required appellant to return appellee to her previous classification.

Appellant's third assignment of error is overruled.

Appellant finally contends that the common pleas court erred when it failed to apply the doctrine of estoppel. This argument is based upon the contention that appellee waived any right to be certified in her previous position as clerical specialist when she agreed to be rehired at a lower classification than clerical specialist. However, appellant placed her in her former position of clerical specialist. While she voluntarily agreed to demotion to the typist 2 position, there is nothing in the record to indicate that she knowingly waived any rights that would have then pertained pursuant to Ohio Adm. Code 123:1-24-03 to be returned to her certified position in the event that she was certified against in her provisional position. Estoppel by waiver is based upon a voluntary relinquishment of a known right. Appellee did not relinquish the right to the application of this rule by her agreement to accept employment at a lower rank than clerical specialist.

Finally, appellant contends that it would be unjust and inequitable to allow appellee to avail herself of the provisions of Ohio Adm. Code 124:1-24-03 in that she may have willfully failed the test for typist 2 in order to take advantage of this rule to return

to a higher position. There is no proof in the record that this was her conduct even if it could be considered upon proper allegation as misconduct subject to discipline. Appellant also contends that since appellee failed the test for a lower category, obviously she was not qualified for the clerical specialist position. However, she had previously worked satisfactorily as a clerical specialist. As the trial court noted, an attorney may well fail a typist examination which is no proof that he is unqualified as an attorney.

Appellant's second assignment of error is overruled.

Appellant's assignments of error are overruled and the judgment of the trial court is affirmed.

*Judgment affirmed.*

YOUNG and BRYANT, JJ., concur.