HIGHWAY VALETS, INC., APPELLANT, *v.* OHIO DEPARTMENT OF TRANSPORTATION, APPELLEE.

(No. 87AP-190—Decided November 10, 1987.)

*Millisor & Nobil* and *Roger L. Sabo,* for appellant.

*Anthony J. Celebrezze, Jr.,* attorney general, *Michael L. Squillace* and *Nino A. Sferrella,* for appellee.

STRAUSBAUGH, P.J. This is an appeal by plaintiff from a judgment of the Court of Claims denying its motion for attorney fees. Plaintiff filed its motion pursuant to R.C. 2743.19.

Plaintiff, Highway Valets, Inc., was certified as a "Women's Business Enterprise" in 1982 by defendant, the Ohio Department of Transportation ("department"). The department certified plaintiff pursuant to the provisions of Ohio Adm. Code Chapter 5501, which chapter establishes a program to enhance the opportunity of women to compete in the construction marketplace. Thereafter, in the years 1983 and 1984, plaintiff was unconditionally recertified, and was awarded and successfully completed work on various state highway construction projects.

Subsequently, in December 1984, the existing female majority shareholders bought out the male shareholders, making plaintiff a company entirely held by women. Pursuant to Ohio Adm. Code 5501:5-1-02(K), plaintiff advised the department of this change in ownership. The department, having revised the form regarding changes in ownership, sent plaintiff a revised form and advised it that its application had to be submitted on the revised form. Plaintiff resubmitted its application on the revised form in January 1985. That application was complete in all respects, except that it did not contain the personal federal and state income tax returns of each of the company's six female shareholders. The department refused to consider plaintiff's application without the personal income tax returns and, in June 1985, summarily informed plaintiff that it was decertified based solely upon the company's failure to submit its shareholders' personal income tax returns in the manner requested.

Plaintiff then initiated a suit in the Court of Claims seeking injunctive relief to maintain its status as a women's business enterprise. The Court of Claims granted plaintiff a temporary restraining order and directed the department to schedule a hearing regarding its decertification decision. At the hearing, plaintiff was denied subpoena power and was unable to obtain and introduce evidence regarding other applicants that the department had certified despite deficiencies in their applications. The hearing officer recommended that the department deny certification to plaintiff solely on the fact that it had not submitted the personal income tax returns of its shareholders. The department's director affirmed this adverse decision upon administrative appeal.

Plaintiff then renewed its request for injunctive relief in the Court of Claims in order to preserve its certification. Ultimately, the claims court permanently enjoined the department from decertifying plaintiff as a women-owned business enterprise. The department then took an appeal to this court and we affirmed the Court of Claims' judgment in its entirety. *Highway Valets, Inc.* v. *Ohio Dept. of Transp.* (June 30, 1986), Franklin App. Nos. 86AP-67 and 86AP-77, unreported.

Following a denial of certification by the Supreme Court of Ohio, plaintiff then filed an application for attorney fees and costs in the Court of Claims. Plaintiff's motion was made pursuant to R.C. 2743.19. That section refers to R.C. 2335.39 regarding compensation for attorney fees. The claims court, on February 27, 1987, held that plaintiff was not entitled to attorney fees. The basis for that decision was the fact that the statute permitted recovery only in those cases which were "initiated" by the state. The court concluded that since plaintiff was the initiating party which prevailed in the litigation, R.C. 2335.39 did not authorize the imposition of attorney fees.

Upon appeal, plaintiff assigns for our review the following errors:

"1. The Court of Claims abused its discretion in denying an application for attorney fees under R.C. 2335.39 to a women business enterprise which was denied continued certification by a state agency, on the basis that filing an action in the court to successfully overturn the denial meant it initiated the matter in controversy.

"2. It is an abuse of discretion for the Court of Claims to refuse to even consider award of costs to a prevailing party."

Inasmuch as plaintiff's assignments of error raise but one issue, they will be considered jointly. At issue is R.C. 2335.39(B), of which the following provisions are pertinent to this appeal:

"(B)(1) Except as provided in divisions (B)(2) and (F) of this section, in a civil action, or appeal of a judgment in a civil action, to which the state is a party, or in an appeal of an adjudication order of an agency pursuant to section 119.12 of the Revised Code, the prevailing eligible party is entitled, upon filing a motion in accordance with this division, to compensation for fees incurred by that party in connection with the action or appeal. Compensation, when payable to a prevailing eligible party under this section, is in addition to any other costs and expenses that may be awarded to that party by the court pursuant to law or rule.

"* * *

"(2) Upon the filing of a motion under this section, the court shall review the request for the award of compensation for fees and determine whether the position of the state in *initiating the matter in controversy* was

substantially justified, whether special circumstances make an award unjust, and whether the prevailing eligible party engaged in conduct during the course of the action or appeal that unduly and unreasonably protracted the final resolution of the matter in controversy. * * *'' (Emphasis added.)

It is plaintiff's position that these sections of the Ohio Revised Code authorized the Court of Claims to award attorney fees in plaintiff's favor in its action seeking injunctive relief. Specifically, plaintiff maintains that, contrary to the decision of the claims court, the statute contemplates an award of attorney fees when the state engages in a course of conduct which ultimately gives rise to a civil action or to an appeal from a judgment in a civil action. The department, on the other hand, submits that the words "matter in controversy" refer not to the original administrative action taken by a state agency, but rather to the original cause of action filed in the Court of Claims. As support for its position, the department points to the provisions of the federal Equal Access to Justice Act — apparently the Act upon which R.C. 2335.39 is modeled — which specifically provided that attorney fees "may be awarded to the prevailing party in any civil action brought by or against the United States." Former Section 2412, Title 28, U.S. Code. Upon review of the arguments and the record in the instant matter, we believe the claims court correctly denied plaintiff's application for attorney fees. In denying plaintiff's motion for fees, the court stated, *inter alia:*

"Highway Valets, Inc. was the initiating prevailing party in instituting the litigation. The fact that the state attempted to decertify the plaintiff corporation does not under R.C. 2335.39 make the state the initiating party in the litigation brought in this court."

Although the term "matter in controversy" is a matter of some controversy, we believe the term refers to the litigation itself and not to the conduct which gave rise to the litigation. When the term is viewed in relation to the entire text of R.C. 2335.39, it is clear that the "matter in controversy" refers to the subject matter of the litigation. Thus, if the state did not initiate the litigation then it did not initiate the "matter in controversy." Accordingly, the claims court did not abuse its discretion when it denied plaintiff's application for attorney fees. The wording of R.C. 2335.39 contemplates situations where the state is the initiating party of the lawsuit and a trial court has no discretion to change the wording of the statute.

Based on the foregoing, plaintiff's two assignments of error are overruled. The judgment of the Court of Claims is, therefore, affirmed.

*Judgment affirmed.*

REILLY and YOUNG, JJ., concur.