KNIGHT, Appellant,

v.

BOARD OF ELECTIONS OF TRUMBULL COUNTY et al., Appellees.

[Cite as *Knight v. Trumbull Cty. Bd. of Elections* (1989), 65 Ohio App.3d 317.]

Court of Appeals of Ohio,
Trumbull County.

No. 89-T-4189.

Decided Nov. 20, 1989.

318

*Barbara Angelo,* for appellant.

*James Misocky,* for appellees.

---

CHRISTLEY, Presiding Judge.

On April 29, 1986, the Trumbull County Court of Common Pleas found that appellee, the Trumbull County Board of Elections, violated R.C. 121.22, the Ohio Sunshine Law, in the manner in which it conducted the proceedings to determine the legal residence of appellant, Ronald Allan Knight, for voting purposes. Based primarily on this finding, the court then issued a writ of mandamus and restored appellant's name to the ballot of the May 6, 1986 primary election in Bloomfield Township.

On May 27, 1986, appellee appealed the April 29, 1986 decision. On May 28, 1986, appellant filed a motion for attorney fees. On June 11, 1986, the lower court continued this motion for fees until this court's ruling. On November 3, 1986, this court affirmed the lower court's decision in case No. 3736, 1986 WL 476.

On December 21, 1988, the lower court denied appellant's motion for attorney fees and made findings of fact and conclusions of law.

On February 9, 1989, this court gave appellant permission to file his notice of appeal *instanter.*

Appellant assigns the following as error:

"1. The Court erred when it determined the Plaintiff–Appellant was not entitled to Attorney fees under O.R.C. § 2335.39.

"2. The Court erred when it found no entitlement to fees because the Defendant–Appellant were [*sic*] not the 'initiating' party below.

"3. The Court erred when it found no entitlement to fees under O.R.C. § 119.092(B).

"4. The Court erred when it found that Plaintiff–Appellant was not entitled to Attorney fees under 42 USCA § 1973*l*(e).

"5. The Court erred when it placed the burden of Proof herein upon the Plaintiff–Appellant."

In his first assignment of error, appellant argues that he was entitled to attorney fees under R.C. 2335.39. This assignment is not well taken. R.C. 2335.39 provides for recovery of attorney fees by a prevailing eligible party in an action or appeal involving the state. Pursuant to R.C. 2335.39(A)(6), "state" has the same meaning as in R.C. 2743.01. R.C. 2743.01 provides:

"As used in this Chapter:

"(A) 'State' means the state of Ohio, including, but not limited to, the general assembly, the supreme court, the offices of all elected state officers, and all departments, boards, offices, commissions, agencies, institutions, and other instrumentalities of the state of Ohio. 'State' does not include political subdivisions.

"(B) 'Political subdivisions' means municipal corporations, townships, counties, school districts, and all other bodies corporate and politic responsible for governmental activities only in geographic areas smaller than that of the state to which the sovereign immunity of the state attaches. * * * "

The lower court determined that appellee was not an entity contemplated within the term "state." In making this decision, the court referred to a letter from the Attorney General, addressed to appellant's counsel, which read as follows:

"I am in receipt of your letter concerning the matter referred to above. After reviewing the materials and relevant statutes, it is my conclusion that your lawsuit holds no implications for the Secretary of State. The Secretary is not a party; nor is he responsible for the actions of the Trumbull County Board of Elections. Moreover, pursuant to R.C. 2335.39(A)(6), attorney's fees are recoverable only from those entities susceptible to suit in the Ohio Court of Claims. A board of elections is not included in that category. Finally, a board of elections is not an 'agency' within the meaning of R.C. 119.12. * * * "

While such a letter is not binding on this court, it is consistent with the analysis of a state "agency" found in *South Community, Inc. v. State Emp. Relations Bd.* (1988), 38 Ohio St.3d 224, 527 N.E.2d 864. Also consistent with the "nonagency" position is the fact that neither the board members nor the board employees are paid by state voucher, R.C. 309.08 and 309.09. Further, their legal advisor is not the Attorney General, but the county prosecutor. R.C. 3501.12 and 3501.14. Thus, a board of elections is not a state agency as contemplated by R.C. 2335.39(A)(6).

█ In his second assignment of error, appellant argues that the court erred when it found no entitlement to fees because the state was not the "initiating" party. This assignment is not well taken as was discussed in the first assignment herein regarding the board's status as a "state agency."

Even if the board of elections was found to be a "state agency," appellant is not entitled to relief because R.C. 2335.39 provides attorney fees to a prevailing party only when the state *initiates* the matter in controversy. See *Highway Valets, Inc. v. Ohio Dept. of Transp.* (1987), 38 Ohio App.3d 45, 526 N.E.2d 112:

" * * * The term 'the matter in controversy' refers not to the original administrative action taken by a state agency, but rather to the subject matter of the litigation." *Id.* at syllabus.

The *Highway Valets* court stated, *inter alia:* "The wording of R.C. 2335.39 contemplates situations where the state is the initiating party of the lawsuit * * *." *Id.* at 47, 526 N.E.2d at 112. See, also, *Costa v. Ohio Bur. of Emp. Serv.* (1989), 63 Ohio App.3d 315, 578 N.E.2d 848, wherein the court followed the holding in *Highway Valets, supra.*

Applying the holdings in *Highway Valets, supra,* in this case, appellant is not entitled to attorney fees pursuant to R.C. 2335.39 because it was appellant who initiated the lawsuit in the Trumbull County Court of Common Pleas.

██ In his third assignment of error, appellant argues that the court erred when it found no entitlement to fees pursuant to R.C. 119.092(B). This assignment is not well taken.

R.C. 119.092 permits a *prevailing* party in an adjudication hearing to move for compensation for attorney fees. However, appellant was not the prevailing party in the matter before the board of elections. Pursuant to R.C. 119.092(A)(4), "prevailing eligible party" means an eligible party that prevails after an adjudication hearing, as reflected in an order entered in the journal of the agency. This section is specifically limited to agency adjudicated hearings. R.C. 119.01 does not include boards of elections in its definition of "agency." We are further convinced that no argument could be made that the court of common pleas could be considered an "agency," as it is also not a named "agency" entity under R.C. 119.01.

Finally, the prevailing party must file a motion for fees with the *agency* within thirty days after the order of the agency is entered in its journal. R.C. 119.092(B)(1). Appellant did not file this requisite motion.

██ In his fourth assignment of error, appellant argues that the court erred when it found that appellant was not entitled to attorney fees under Section 1973*l* (e), Title 42, U.S.Code. This assignment is not well taken.

Section 1973*l* (e), Title 42, U.S.Code provides for an award of attorney fees to a prevailing party in suits to enforce the voting guaranties of the Fourteenth and Fifteenth Amendments to the United States Constitution. Further, Section 1973, Title 42, U.S.Code deals with racial discrimination in voting and is discretionary in nature. *Briscoe v. Bell* (1977), 432 U.S. 404, 97 S.Ct. 2428, 53 L.Ed.2d 439.

A review of the record shows that appellant's actions before the lower court included a writ of mandamus and an action for determination of legal status. No relief was sought under the Voting Rights Act, Section 1971 *et seq.,* Title 42, U.S.Code. Those actions were based on violations of the "sunshine" law,

R.C. 121.22, not discrimination. There was sufficient evidence from which the trial court could conclude that the actions of the board were reasonable and within the statutory duties of that board. Appellant has demonstrated no abuse of discretion by the court in denying fees under the Voting Rights Act.

In a subsequent writ of mandamus filed in this court on November 5, 1985, appellant made reference to constitutional violations. Although a review of that pleading reveals a specific reference to the Fourteenth Amendment, no specific constitutional allegations were made and the Voting Rights Act was not invoked. More important, no request for fees was made in the pleadings, and no application for fees was ever filed with this court. The common pleas court would have had no jurisdiction to assess fees for appellate litigation and the time has passed for this court to do so regarding that case.

In his fifth assignment of error, appellant argues that the court erred in placing the burden of proof on appellant. This assignment is not well taken.

The record shows that the parties submitted this matter to the lower court with a stipulated joint appendix.

As discussed in the assignments herein, the only code section under which appellant may have been eligible for fees was R.C. 2335.39. Pursuant to R.C. 2335.39, the state has the burden of proving that its position in initiating the matter was justified. However, as previously discussed, the state was not the initiating party, so the burden of proving justification did not attach.

The judgment of the lower court is affirmed.

*Judgment affirmed.*

JOSEPH E. MAHONEY and FORD, JJ., concur.