**ESTATE OF KIRBY, Appellant,**

v.

**HAMILTON COUNTY COURT OF COMMON PLEAS, JUVENILE DIVISION.**

[Cite as *Estate of Kirby v. Hamilton Cty. Court of Common Pleas, Juv. Div.* (1992), 78 Ohio App.3d 397.]

Court of Appeals of Ohio,
Hamilton County.

No. C–910100.

Decided Jan. 15, 1992.

*Beckman, Weil, Shepardson & Faller* and *Peter L. Cassady,* for appellant.

*Arthur M. Ney, Jr.,* Hamilton County Prosecuting Attorney, and *Christopher J. Snyder,* Assistant Prosecuting Attorney, for appellee.

HILDEBRANDT, Judge.

The Estate of Roy T. Kirby ("appellant") appeals from the judgment of the Hamilton County Court of Common Pleas in favor of the Hamilton County Juvenile Court ("appellee")[1] in which the trial court denied the appellant's claim for attorney fees and interest. For the reasons that follow, we affirm the trial court's judgment in part, reverse in part and remand the cause for further proceedings.

The record discloses that at the time of the proceedings below, Roy T. Kirby ("Kirby") had been employed in various capacities by the appellee at the Hillcrest School for approximately eleven years. Hillcrest School is a facility for children who are adjudged to be delinquent, dependent, neglected, abused, unruly, or juvenile traffic offenders. Kirby, a classified civil service employee pursuant to R.C. 2151.70, was primarily responsible for the supervision of residential treatment supervisors at Hillcrest. On October 23, 1989, Kirby was removed from the position of Youth Leader II Supervisor for failure of good behavior. Kirby's removal for failure of good behavior was based upon an allegation made by a female ward of Hillcrest, Carol Sue Welti ("Welti"), that Kirby had arranged to meet with her while she was home on a weekend leave from Hillcrest. Welti alleged that on September 2, 1989, Kirby met her outside her residence and proposed that they enter into an "adult relationship" after Welti's discharge from Hillcrest, an event that was to occur some eight months later. Welti stated that the meeting terminated with Kirby hugging her and kissing her cheek. When Welti returned to Hillcrest on September 4, 1989, she reported Kirby's alleged proposition to Hillcrest authorities. Welti's allegations culminated in Kirby's removal, which he appealed to the State Personnel Board of Review ("SPBR").

On February 16, 1990, a hearing was held before an SPBR administrative law judge. At the hearing the appellee presented the testimony of Welti as well as of three Hillcrest employees, including its superintendent. Kirby testified on his own behalf. Kirby also offered the testimony of his wife and a co-worker. The administrative law judge issued findings of fact and conclusions of law, determining that appellee had proven Welti's allegations

---

1. The appellee is designated in the pleadings below as "Court of Common Pleas Juvenile Division, Hamilton County, Ohio." However, R.C. 2151.08 reads in part: "[t]his conferral of [R.C. Chapter 2151] powers and jurisdiction on such judges [of the court] shall be deemed a creation of a separately and independently created and established juvenile court in Hamilton County, Ohio."

by a preponderance of the evidence, and recommending that Kirby's removal be affirmed. Kirby appealed the administrative law judge's recommendation to the SPBR, which conducted a hearing before the board members on June 12, 1990, at which only Welti, Kirby and the superintendent testified. Thereafter, the board issued its order, concluding that appellee had not furnished sufficient evidence to prove the allegations set forth in appellee's removal order. The board ordered that Kirby be reinstated to his former position with back pay and benefits.

Pursuant to R.C. 124.34, appellee appealed the board's order to the court of common pleas on June 29, 1990. On October 29, 1990, the court journalized an entry in which it affirmed the SPBR's order, holding that it was supported by reliable, probative and substantial evidence and was in accordance with law. On November 28, 1990, Kirby moved the court for an award of attorney fees and interest. The court denied the motion on January 11, 1991. Kirby died on January 23, 1991. Subsequently, a suggestion of death was filed and appellant was substituted as plaintiff.

Appellant timely appealed, alleging in a single assignment of error that the trial court erred in failing to award appellant attorney fees and interest. We will first address the matter of attorney fees.

In denying the appellant's motion for attorney fees, the trial court determined that R.C. 2335.39 is not applicable to appeals from the SPBR to the court of common pleas. The court further ruled that the appellee was substantially justified in prosecuting the appeal to the common pleas court.

R.C. 2335.39, effective March 27, 1991, provides in pertinent part:

"(B)(1) Except as provided in divisions (B)(2) and (F) of this section, in a civil action, or appeal of a judgment in a civil action, to which the state is a party, or in an appeal of an adjudication order of an agency pursuant to section 119.12 of the Revised Code, the prevailing eligible party is entitled, upon filing a motion in accordance with this division, to compensation for fees incurred by that party in connection with the action or appeal. Compensation, when payable to a prevailing eligible party under this section, is in addition to any other costs and expenses that may be awarded to that party by the court pursuant to law or rule.

"* * *

"(2) Upon the filing of a motion under this section, the court shall review the request for the award of compensation for fees and determine whether the position of the state in initiating the matter in controversy was substantially justified, whether special circumstances make an award unjust, and whether the prevailing eligible party engaged in conduct during the course of the

action or appeal that unduly and unreasonably protracted the final resolution of the matter in controversy. The court shall issue an order, in writing, on the motion of the prevailing eligible party, which order shall include a statement indicating whether an award has been granted, the findings and conclusions underlying it, the reasons or bases for the findings and conclusions, and, if an award has been granted, its amount. The order shall be included in the record of the action or appeal, and the clerk of the court shall mail a certified copy of it to the state and the prevailing eligible party.

"With respect to a motion under this section, the state has the burden of proving that its position in initiating the matter in controversy was substantially justified, that special circumstances make an award unjust, or that the prevailing eligible party engaged in conduct during the course of the action or appeal that unduly and unreasonably protracted the final resolution of the matter in controversy.

" * * *

"(F) The provisions of this section do not apply in appropriation proceedings under Chapter 163. of the Revised Code; in civil actions or appeals of civil actions that involve torts; or in an appeal pursuant to section 119.12 of the Revised Code that involves an adjudication order entered after a hearing described in division (F) of section 119.092 of the Revised Code, or that involves a prevailing eligible party represented in the appeal by an attorney who was paid pursuant to an appropriation by the federal or state government or a local government."

R.C. 119.092(F) reads:

"The provisions of this section do not apply when any of the following circumstances are involved:

" * * *

"(4) An adjudication hearing was conducted by the state personnel board of review pursuant to authority conferred by section 124.03 of the Revised Code, or by the state employment relations board pursuant to authority conferred by Chapter 4117. of the Revised Code."

Applicable to this cause, R.C. 119.092(F) bars applications for attorney fees when the actions involve hearings by the SPBR under R.C. 124.03 or the State Employment Relations Board under R.C. Chapter 4117. It is not contested that the appellee is a state agency for purposes of R.C. 2335.39. It is also agreed that the appeal from the SPBR to the court of common pleas was under R.C. 124.34, pursuant to the procedures set forth in R.C. 119.12. R.C. 124.34 reads in pertinent part:

"The tenure of every officer or employee in the classified service of the state and the counties, civil service townships, cities, city health districts, general health districts, and city school districts thereof, holding a position under this chapter of the Revised Code, shall be during good behavior and efficient service and no such officer or employee shall be reduced in pay or position, suspended, or removed, except as provided in section 124.32 of the Revised Code, and *for incompetency, inefficiency, dishonesty, drunkenness, immoral conduct, insubordination, discourteous treatment of the public, neglect of duty, violation of such sections or the rules of the director of administrative services or the commission, or any other failure of good behavior, or any other acts of misfeasance, malfeasance, or nonfeasance in office.* \* \* \* " (Emphasis ours.)

The appellee argues that since the procedure set forth in R.C. 119.12 applies to appeals pursuant to R.C. 124.34, the reference to R.C. 124.03 in R.C. 119.092(F) precludes appellant from receiving an award of attorney fees under R.C. 2335.39.

■ In *Riddle v. State Personnel Bd. of Review* (1987), 41 Ohio App.3d 68, 534 N.E.2d 874, the court distinguished R.C. 124.34 appeals from those appeals prosecuted pursuant to R.C. 124.03:

" \* \* \* Hence, the provisions of R.C. 124.34 do not apply since appeal to the State Personnel Board of Review based upon that section applies only in cases of removal or reduction of pay for disciplinary purposes. However, R.C. 124.03(A) empowers the State Personnel Board of Review to '[h]ear appeals, as provided by law, of employees in the classified state service from final decisions of appointing authorities \* \* \* relative to reduction in·pay or position, job abolishments, layoff, suspension, discharge, assignment or reassignment to a new or different position classification, or refusal of the director [of administrative services] \* \* \* to reassign an employee to another classification or to reclassify his position pursuant to a job audit \* \* \*.' Appellant would be correct, if this case had been a classic discharge case for which appeal to the board is not provided by R.C. 124.34, that R.C. 124.03(A) could not be used to expand the jurisdiction. However, this case is comparable to a layoff case and should be treated in that manner. \* \* \* " *Id.* at 70, 534 N.E.2d at 876.

We find the court's reasoning in *Riddle* to be persuasive. R.C. 124.34 applies to removals or reductions for disciplinary reasons, as in the case *sub judice.* The provisions of R.C. 124.03 apply to, *inter alia,* discharges or layoffs. We conclude that the legislature must have intended that employees prevailing in appeals pursuant to R.C. 124.03 are not entitled to attorney fees, while employees prevailing in appeals under R.C. 124.34 are entitled to such

an award. If the legislature had intended otherwise, it could have specifically included R.C. 124.34 actions in section (F) of R.C. 119.092.

Having held that appellant was not precluded from seeking attorney fees under R.C. 2335.39, we must next determine whether appellee "initiated" the instant matter in controversy as set forth in R.C. 2335.39(B)(2).

In *Highway Valets, Inc. v. Ohio Dept. of Transp.* (1987), 38 Ohio App.3d 45, 526 N.E.2d 112, the department decertified plaintiff as a Women's Business Enterprise because plaintiff had failed to submit the personal income tax returns of its shareholders with its application for renewal of the certification. The Court of Claims granted plaintiff's application for a temporary restraining order and ordered the department to schedule a hearing, at which the department prevailed. After the department director affirmed the hearing board's action, plaintiff again sought injunctive relief in the Court of Claims. The Court of Claims thereafter permanently enjoined the department from decertifying the plaintiff.

Following the Ohio Supreme Court's denial of certification of the record, plaintiff applied to the Court of Claims for attorney fees pursuant to R.C. 2743.19, which refers to R.C. 2335.39 in regard to attorney fees. The Court of Claims denied the application on the basis that plaintiff had initiated the litigation rather than the state. The court of appeals affirmed the Court of Claims, reasoning that:

"Although the term 'matter in controversy' is a matter of some controversy, we believe the term refers to the litigation itself and not to the conduct which gave rise to the litigation. When the term is viewed in relation to the entire text of R.C. 2335.39, it is clear that the 'matter in controversy' refers to the subject matter of the litigation. Thus, if the state did not initiate the litigation then it did not initiate the 'matter in controversy.' Accordingly, the claims court did not abuse its discretion when it denied plaintiff's application for attorney fees. The wording of R.C. 2335.39 contemplates situations where the state is the initiating party of the lawsuit and a trial court has no discretion to change the wording of the statute." *Id.* at 47, 526 N.E.2d at 114. See, also, *Aztec Elec., Inc. v. Ohio Dept. of Adm. Serv.* (May 21, 1991), Franklin App. No. 91AP–64, unreported, 1991 WL 96329.

We find the reasoning by the court in *Highway Valets, Inc., supra,* to be compelling and dispositive of the issue *sub judice.* Having determined that appellee was not the initiating party of this cause, we conclude that the appellant's argument that the appellee was not substantially justified in initiating the matter likewise fails.

■ We now turn to the matter of interest. R.C. 2505.34 provides:

"In an appeal on questions of law and fact, if the judgment of an appellate court is substantially the same as the final order of an administrative officer, agency, board, department, tribunal, commission, or other instrumentality, whose final order is the subject of the appeal, or if such an appeal is dismissed for want of prosecution, damages may be awarded as follows:

"(A) If the judgment involves the payment of money other than in a nominal amount, unless the appellate court is satisfied that there were reasonable grounds for the appeal, it shall be adjudged that the appellant pay the appellee five per cent on the amount of that money or, if the court is satisfied that the appeal was for delay merely, that he pay ten per cent on the amount of that money.

"(B) In other appeals, including those in which a judgment is for a nominal amount of money, costs only, or both, unless the court is satisfied that a reasonable ground existed for the appeal, it shall grant damages to the appellee in any sum considered reasonable, not exceeding two hundred dollars."

The trial court did not set forth its reasons for denying interest to the appellant in its journal entry. We see no reason why this cause is not contemplated within R.C. 2505.34. Accordingly, we must remand this matter to the trial court for a determination of the amount of interest to which appellant is entitled.

For the reasons set forth above, we affirm the trial court's judgment as it pertains to the award of attorney fees. We reverse that part of the trial court's judgment regarding interest and remand this cause to the trial court for further proceedings consistent with this opinion and law.

*Judgment accordingly.*

DOAN, P.J., concurs.

KLUSMEIER, J., not participating.