**COLLYER, Appellant,**

**v.**

**BROADVIEW DEVELOPMENT CENTER, Appellee.**

[Cite as *Collyer v. Broadview Dev. Ctr.* (1992), 81 Ohio App.3d 445.]

Court of Appeals of Ohio,
Franklin County.

No. 91AP–894.

Decided June 23, 1992.

446

*Thomas E. O'Toole,* for appellant.

*Lee I. Fisher,* Attorney General, and *Raul Rosado,* Assistant Attorney General, for appellee.

---

PETREE, Judge.

Appellant, Bruce Collyer, appeals from a judgment of the Franklin County Court of Common Pleas which denied his motion for attorney fees under R.C. 2335.39 and 119.092. In his sole assignment of error, appellant contends that the trial court erred in denying the motion.

Appellant was employed as a classified civil service therapeutic worker with appellee, Broadview Development Center, a state facility operated by the Ohio Department of Mental Retardation and Developmental Disabilities. After requiring appellant to undergo a psychiatric examination, appellee placed appellant on administrative leave and eventually gave him a disability separation under Ohio Adm.Code 123:1–33–02, which effectively terminated his employment with the facility.

Appellant appealed the disability separation to the State Personnel Board of Review, which ultimately "disaffirmed" appellee's actions on procedural grounds. Nevertheless, appellee appealed the board's order to the Franklin County Court of Common Pleas, citing R.C. 2506.01, 124.34 and 119.12 as potential jurisdictional bases for appeal.

The common pleas court vacated the board's order, finding that the board had no authority to review disability separations. However, this court reversed the trial court's judgment in *Collyer v. Broadview Dev. Ctr.* (1991), 74 Ohio App.3d 99, 598 N.E.2d 75. We held that appellee had no right to appeal the board's order to the Franklin County Court of Common Pleas under either R.C. 2506.01, 124.34 or 119.12. Upon remand, appellant filed a motion for attorney fees pursuant to R.C. 2335.39 and 119.092. Appellant's motion was supported with affidavits, various documents, and a record of attorney fee bills totalling $11,075. The attorney fees claimed included time billed for legal representation before the board, the common pleas court, and this court.

Appellant's own affidavit claimed that appellee's actions in this case were designed to punish and deter him from reporting abuses at the state mental retardation facility. Appellant maintained that he acted as a whistle-blower on the Human Rights Committee of the facility. Consequently, he contended that appellee, fearing a loss of federal Medicaid certification and possible tort liability, sought to quell his activity on behalf of patients. Appellant claimed that his disability separation on psychiatric grounds was simply a ruse to

enable appellee to terminate him, despite civil service job protection. Further, appellant contended that the state is forcing him to defend this action in state court while his civil rights lawsuit against appellee is pending in federal court.

The common pleas court denied appellant's motion on July 26, 1991. The court reasoned that appellant was not entitled to an award of attorney fees " * * * because attorney fees are not recoverable in an Revised Code 119.12 administrative appeal from an adjudication order entered after an adjudication hearing conducted by the State Personnel Board of Review pursuant to authority conferred by R.C. 124.03. See R.C. 119.12; R.C. 2335.39(B) and (F); and R.C. 119.092(F)(4)."

The issue presented in this appeal is whether the trial court erred in concluding that appellant was barred from recovering attorney fees pursuant to statutory authority.

Generally, an award of attorney fees must be predicated upon statutory authority. *State ex rel. Gallucci v. Brown* (Sept. 26, 1991), Franklin App. No. 91AP–453, unreported, 1991 WL 224215. R.C. 2335.39, which appellant claims as such authority in this case, is Ohio's version of the Federal Equal Access to Justice Act, codified as amended at Section 2412, Title 28, U.S.Code. *Boyle v. Ohio State Med. Bd.* (Aug. 7, 1990), Franklin App. No. 89AP–1186, unreported, 1990 WL 113575. See, generally, Costantini and Skindell, Fee Shifting in Ohio: An Overview of Ohio's Version of the Equal Access to Justice Act (1989), 18 Capital U.L.Rev. 201.

■ Like the federal Act, the Ohio Act was passed to censure frivolous government action which coerces a party to resort to the courts to protect his or her rights. *Malik v. Ohio State Med. Bd.* (Oct. 2, 1989), Franklin App. No. 88AP–741, unreported, 1989 WL 112346. This serves to " * * * encourage relatively impecunious private parties to challenge unreasonable or oppressive governmental behavior by relieving such parties of the fear of incurring large litigation expense." *Spencer v. NLRB* (C.A.D.C.1983), 712 F.2d 539, 549.

The operative language in R.C. 2335.39 providing for attorney fees against the government is contained in division (B)(1), which provides in pertinent part:

"Except as provided in divisions (B)(2) and (F) of this section, in a civil action, or appeal of a judgment in a civil action, to which the state is a party, or in an appeal of an adjudication order of an agency pursuant to section 119.12 of the Revised Code, the prevailing eligible party is entitled, upon filing a motion in accordance with this division, to compensation for fees incurred by that party in connection with the action or appeal. Compensation, when payable to a prevailing eligible party under this section, is in addition to any

other costs and expenses that may be awarded to that party by the court pursuant to law or rule."

Division (B)(2) then provides that, upon the filing of a motion under R.C. 2335.39, the trial court shall " * * * determine whether the position of the state in initiating the matter in controversy was substantially justified, whether special circumstances make an award unjust, and whether the prevailing eligible party engaged in conduct during the course of the action or appeal that unduly and unreasonably protracted the final resolution of the matter in controversy. * * *"

■ Under this provision, an award of attorney fees is not automatic. It has been held that there is no presumption that attorney fees should be awarded to the prevailing eligible party. *Malik, supra,* at 5; *Boyle, supra,* at 3. However, a party need not go so far as to prove bad faith or malice. Rather, the basic standard to be applied to the state's action under scrutiny is whether such action was "substantially justified." In essence, this translates into a determination of whether the state's action or inaction was unreasonable on the facts or on the law. *Boyle, supra,* at 4 (quoting *Pierce v. Underwood* [1988], 487 U.S. 552, 108 S.Ct. 2541, 101 L.Ed.2d 490). This determination will not be disturbed on appeal, absent an abuse of discretion. *Id.* at 6.

■ Recognizing that not all legal actions are subject to the attorney fees provisions in R.C. 2335.39 and 119.092, the trial court cited R.C. 2335.39(F), which provides:

"The provisions of this section do not apply in appropriation proceedings under Chapter 163. of the Revised Code; in civil actions or appeals of civil actions that involve torts; or in an appeal pursuant to section 119.12 of the Revised Code that involves an adjudication order entered after a hearing described in division (F) of section 119.092 of the Revised Code * * *."

R.C. 119.092(F) provides:

"The provisions of this section do not apply when any of the following circumstances are involved:

" * * *

"(4) An adjudication hearing was conducted by the state personnel board of review pursuant to authority conferred by section 124.03 of the Revised Code * * *."

While the trial court found this particular language dispositive because the instant case involves an order of the personnel board of review, we must disagree. The crucial language in R.C. 2335.39(F) that makes the exceptions of R.C. 119.092 applicable requires an appeal pursuant to R.C. 119.12. As we

held in the earlier appeal of this case, this case cannot be an appeal pursuant to R.C. 119.12 because the state has no right to appeal under the authority of *State ex rel. Osborn v. Jackson* (1976), 46 Ohio St.2d 41, 75 O.O.2d 132, 346 N.E.2d 141. As the state's memorandum in opposition makes clear, the so-called appeal to the Franklin County Court of Common Pleas here was really in the nature of a mandamus or prohibition action to challenge the authority of the personnel board to "disaffirm" a disability separation order. The state's legal argument throughout this case has been that the board's rules allowing such procedural review were promulgated without the statutory authority to do so.

▪ We do not think that the question of whether R.C. 2335.39 applies to a given case should turn on the state's characterization of the case, no matter how erroneous. R.C. 2335.39 and 119.092 were designed to make government attorneys think before filing. The protection afforded private parties in these statutes against oppressive or thoughtless state action seems ever the more compelling when the state improperly characterizes the relief sought.

▪ Nevertheless, the trial court cited R.C. 2335.39(B) as another basis for finding the attorney fees provisions inapplicable. Presumably, the court felt that if this case is not an R.C. 119.12 appeal, then R.C. 2335.39 would not apply because only civil actions, civil appeals, and R.C. 119.12 appeals are covered by the statute. The flaw in the court's reasoning, however, is the assumption that this case is not a "civil action" under R.C. 2335.39(B).

The somewhat ambiguous term "civil action" is not defined in R.C. Chapter 2335. Although the language differs in some respects at the federal level, we note that in recent years the United States Supreme Court has broadly construed the term "civil action" in the federal Equal Access to Justice Act. See, *e.g., Sullivan v. Hudson* (1989), 490 U.S. 877, 109 S.Ct. 2248, 104 L.Ed.2d 941 ("civil action" concept broad enough to include fees incurred on remand to administrative agency). We think that, in light of the remedial purposes of the Act, broad construction is likewise appropriate for the Ohio Act. If any case would seem to warrant an award of attorney fees, an unauthorized appeal to the common pleas court would. Accordingly, we hold that a purported R.C. 119.12 appeal seeking to challenge the validity of an administrative rule in the common pleas court, when no R.C. 119.12 appeal lies, qualifies as a "civil action" under R.C. 2335.39(B).

▪ Aside from these grounds for denying attorney fees, appellee has raised another ground that the trial court could have also used to deny attorney fees. Appellee claims that since appellant initiated the legal proceedings in this case before the personnel board of review, attorney fees cannot be

awarded. We note that appellee has not argued that the common pleas court lacks jurisdiction to award attorney fees.

One of the first cases to interpret the Ohio Equal Access to Justice Act was this court's decision in *Highway Valets, Inc. v. Ohio Dept. of Transp.* (1987), 38 Ohio App.3d 45, 526 N.E.2d 112. In that case, a newly formed company sought certification as a minority business enterprise but the transportation department denied the company's application because the owners of the company refused to reveal their income tax records. The company took an ineffectual administrative appeal and eventually sought extraordinary relief in the Court of Claims to get the certification. Though the company prevailed in the Court of Claims, that court denied attorney fees under R.C. 2335.39 because the state had not "initiated" the lawsuit there. We affirmed and wrote:

"Although the term 'matter in controversy' is a matter of some controversy, we believe the term refers to the litigation itself and not to the conduct which gave rise to the litigation. When the term is viewed in relation to the entire text of R.C. 2335.39, it is clear that the 'matter in controversy' refers to the subject matter of the litigation. Thus, if the state did not initiate the litigation then it did not initiate the 'matter in controversy.' * * * The wording of R.C. 2335.39 contemplates situations where the state is the initiating party of the lawsuit and a trial court has no discretion to change the wording of the statute." *Id.* at 47, 526 N.E.2d at 114.

For some courts, *Highway Valets* has served as a threshold requirement on the type of parties which can claim attorney fees under R.C. 2335.39. For instance, in one reported case the Trumbull County Court of Appeals read *Highway Valets* to mean that the state must file the lawsuit and the prevailing party must be the defendant in the lawsuit in order for R.C. 2335.39 to allow attorney fees. *Knight v. Trumbull Cty. Bd. of Elections* (1989), 65 Ohio App.3d 317, 583 N.E.2d 1328 (mandamus action to restore name to ballot). Other appellate courts have extended *Highway Valets* to deny attorney fees in administrative appeals where the state was not the party who took the administrative appeal to court. *Costa v. Ohio Bur. of Emp. Serv.* (1989), 63 Ohio App.3d 315, 578 N.E.2d 848 (unemployment compensation appeal); *Kirby v. Court of Common Pleas* (1992), 78 Ohio App.3d 397, 604 N.E.2d 1367 (R.C. 124.34 civil service appeal).

By contrast, another view has either distinguished or limited the broad language in *Highway Valets* to the facts and circumstances involved in that case. For instance, in *Holden v. Ohio Bur. of Motor Vehicles* (1990), 67 Ohio App.3d 531, 587 N.E.2d 880, the appellate court held that the *Highway Valets* initiation requirement was only applicable to lawsuits, not R.C. 119.12 appeals.

Indeed, the Court of Appeals for Franklin County has read *Highway Valets* narrowly, considering it a case of a denial of certification or licensure, where attorney fees typically cannot be claimed. *Aztec Elec. Inc. v. Ohio Dept. of Adm. Serv.* (May 21, 1991), Franklin App. No. 91AP–64, unreported, 1991 WL 96329; *In re Van Arsdal* (Nov. 5, 1991), Franklin App. No. 91AP–190, unreported, 1991 WL 232284. See R.C. 119.092(F)(2).

In the present case, we do not think that *Highway Valets* serves as a limitation on appellant's right to an award of attorney fees. Appellee was the first party to initiate action having legal consequences in this case. Appellant was a classified civil service worker and he claims that the state wrongfully removed him from his position by virtue of a sham disability separation which painted him as having a paranoid personality disorder, despite the fact that the Ohio Bureau of Administrative Services had found such charges to be unfounded. Appellant was not merely applying for a benefit. *Van Arsdal, supra.* Instead, he was forced to defend by virtue of appellee's allegedly unreasonable positions taken with respect to his continued right to employment. Further, it was appellee who took the so-called appeal to the common pleas court in this case.

Accordingly, we hold that the trial court erred in concluding that appellant was barred from claiming attorney fees in any event in this case. Therefore, appellant's assignment of error is well taken. While appellee has raised issues pertaining to the propriety of an award of attorney fees under the substantial justification test, and further issues concerning the amount of attorney fees, we note that the trial court never ruled on these issues in the first instance. Therefore, we think the appropriate remedy is to remand the cause to the trial court so the correct legal standards can be applied. See *Korn v. Ohio State Med. Bd.* (1991), 71 Ohio App.3d 483, 594 N.E.2d 720.

For the foregoing reasons, the judgment of the trial court is reversed and the cause is remanded for further proceedings consistent with this opinion and in accordance with law.

*Judgment reversed*
*and cause remanded.*

JOHN C. YOUNG, P.J., and PEGGY BRYANT, J., concur.

PEGGY BRYANT, Judge, concurring separately.

Inasmuch as I cannot agree with the reasoning relied upon by the majority in reaching the result herein, I write separately.

I agree with the majority that R.C. 2335.39(B)(1) controls appellant's ability to recover attorney fees in the instant action. However, I would conclude that

the foregoing statute authorizes appellant to seek attorney fees as an eligible prevailing party in a purported R.C. 119.12 agency appeal from an adjudication order, rather than as an eligible prevailing party in a civil action: the distinction drawn in R.C. 2335.39 between civil actions and appeals of adjudication orders under R.C. 119.12 precludes the present action, which arises from administrative agency action, from falling into the "civil action" category.

In that context, R.C. 2335.39 authorizes recovery of attorney fees by an eligible prevailing party when an agency appeals an adjudication order pursuant to R.C. 119.12, unless that adjudication order was entered after a hearing described in R.C. 119.092(F). Although appellee expressly relied upon R.C. 119.12 as a basis for its appeal of the board's decision, it now argues that R.C. 2335.39(B)(1) does not authorize appellant's recovery of attorney fees because this court has expressly rejected the agency's reliance on R.C. 119.12 as a basis for its appeal. However, I would construe R.C. 2335.39(B)(1) to authorize recovery of attorney fees by an eligible prevailing party when an agency purports to appeal an adjudication order pursuant to R.C. 119.12, even when the agency's reliance on R.C. 119.12 is unfounded.

Further, in my view the statutory bar in R.C. 2335.39(F) to recovery of attorney fees in an R.C. 119.12 agency appeal of an adjudication order entered after an R.C. 119.092(F) hearing is not applicable herein. The board hearings described in R.C. 119.092(F) are limited to those conducted pursuant to authority conferred upon the board by R.C. 124.03, to wit, appeals relating to:

" * * * reduction in pay or position, job abolishments, layoff, suspension, discharge, assignment or reassignment to a new or different position classification, or the refusal of the director * * * to reassign an employee to another classification or to reclassify his position * * *."

Finding no basis for concluding that the board's hearing of appellant's disability separation involved a matter enumerated in R.C. 124.03, I would conclude that the resulting adjudication order was not entered after an R.C. 119.092(F) hearing. Accordingly, I would reverse the judgment of the trial court, and remand the cause for the trial court's determination of whether the appellant's request for an award of attorney fees otherwise satisfies the criteria of R.C. 2335.39(B)(2).