OPINION
In 1990, appellant Richard Cash purchased property at Buckeye Lake in Licking County, Ohio. While clearing his land, he was cited for trespassing by a representative of the Ohio Department of Natural Resources. The Ohio Department of Natural Resources claimed that the land belonged to the State of Ohio. The criminal charge was dismissed by the Licking County Municipal Court.
On March 14, 1995, appellant filed a complaint to quiet title against the adverse claim of the State of Ohio. Following bench trial in the Licking County Common Pleas Court, the court found that the State had no interest in the land, and quieted title in appellant. Subsequently, appellant filed a motion seeking attorney fees and litigation expenses. The trial court concluded that pursuant to R.C. 2335.39, it did not have authority to award attorney fees against the State of Ohio, as the State did not initiate the action.
Appellant assigns a single error on appeal:
ASSIGNMENT OF ERROR:
 THE TRIAL COURT ERRED, AS A MATTER OF LAW, IN FINDING THAT IT HAD NO AUTHORITY TO AWARD ATTORNEY FEES.
In order to be entitled to an award of attorney fees against the State of Ohio, the prevailing party must demonstrate, among other things, that the "State's position in initiating the matter in controversy was not substantially justified." R.C.2335.39(B)(1)(c). The issue in the instant case is whether the term "matter in controversy" refers to the litigation itself, or to the conduct which gave rise to the litigation. The prevailing weight of authority in Ohio establishes that the term "matter in controversy" refers to the subject matter of the litigation; therefore, if the State did not initiate the litigation itself, it did not initiate the matter in controversy. E.g., Costa vs. OhioBureau of Employment Services (1989), 63 Ohio App.3d 315, 318;Highway Valets vs. Ohio Department of Transportation (1997),38 Ohio App.3d 45, 47; Estate of Kirby vs. Hamilton County (1992),78 Ohio App.3d 397, 402. It is undisputed that appellant was the party who initiated the instant lawsuit to quiet title.
Appellant relies on Collyer vs. Broadview Development Center
(1992), 81 Ohio App.3d 445, to support his claim that he is not barred from receiving attorney fees, because the State engaged in a course of conduct which resulted in the instant law suit. InCollyer, the appellant was employed as a classified civil servant by a state facility. After requiring appellant to undergo a psychiatric examination, the State place him on administrative leave, and eventually gave him a disability separation. The appellant appealed the disability separation to the State Personnel Board of Review, which "disaffirmed" the State's actions on procedural grounds. The State then appealed the Board's order to the Franklin County Common Pleas Court. Ultimately, the Court of Appeals found that the State had no right to appeal the Board's order to the Common Pleas Court. On remand, the appellant filed a motion for attorney fees. On appeal to the Court of Appeals for Franklin County, the court concluded that the State was the first party to initiate action having legal consequences in the case.Id. at 452. The court concluded that appellant was forced to defend the State's positions taken with respect to his continued right to employment, and that the State had taken the appeal to the Common Pleas Court in the case. Id.
Appellant claims that the instant case is similar to Collyer, in that the State took the initial legal action in the case through the trespass action filed in the Licking County Municipal Court. However, nearly three years passed between the Municipal Court's dismissal of the trespassing case, and the first civil action filed by appellant, which was ultimately dismissed. After the first action was unsuccessful, appellant waited more than a year before commencing another civil action against the State. Unlike Collyer, the State's action in the instant case, taken in 1990, did not initiate legal proceedings which culminated in the instant law suit.
The Assignment of Error is overruled.
The judgment of the Licking County Common Pleas Court is affirmed.
By: Reader, J., Hoffman, P. J. and Wise, J. concur.
For the reasons stated in the Memorandum-Opinion on file, the Licking County Common Pleas Court is affirmed. Costs to appellant.