[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
This is the remnant of a case that has had a very litigious history that commenced in 1995. We believe that a summary of the history is necessary to an understanding our decision.
An employee of appellant Parneet S. Sohi called appellee Ohio State Dental Board ("Dental Board") to complain about Sohi's treatment of pediatric patients. Following an investigation, the Dental Board notified Sohi that it proposed to take disciplinary action against him involving his license to practice dentistry in the state. The Dental Board based its action on the allegations that he had departed from accepted standards of the profession by mistreating pediatric patients. The Board failed to provide Sohi with the names of all the involved patients. The Dental Board ordered a six-month suspension of Sohi's license, with its reinstatement conditioned on a mental-health examination and any recommended treatment. It also imposed a five-year probationary period with conditions after Sohi's license reinstatement. On appeal, the common pleas court affirmed the Dental Board's order. Sohi appealed that decision to this court.[1]
In Sohi v. Ohio State Dental Board[2] ("Sohi I"), we held that, although Sohi's procedural due-process rights had been violated as a result of findings of misconduct concerning unidentified patients, the proceedings concerning a named patient had been constitutionally valid. And, as to that patient, we concluded that the trial court had not abused its discretion in finding that the Dental Board's decision that Sohi had departed from acceptable practice was supported by reliable, probative, and substantial evidence. We also determined that the Dental Board's sanctions were warranted by Sohi's misconduct concerning only the identified patient. We reversed the Dental Board's order as it related to the unidentified patients and affirmed it as it related to the identified patient. We remanded the case for the Dental Board to clarify whether its sanctions were based on Sohi's treatment of both the unidentified patients and the identified patient.
The first time that Sohi moved for attorney fees under R.C. 2335.39 was following Sohi I. We denied that motion, holding that Sohi was not the prevailing party based on our previous conclusion that Sohi's misconduct toward the identified patient, standing alone, warranted disciplinary action against him. We also denied his motion for reconsideration and to certify a conflict. The Ohio Supreme Court declined jurisdiction to hear the case. Meanwhile, Sohi unsuccessfully advanced claims against the Dental Board in other courts.[3]
On remand, the Dental Board determined that the sanctions applied to Sohi's mistreatment of the identified patient and re-issued its original order. Sohi appealed the order to the court of common pleas, claiming that it was unsupported by reliable, probative, and substantial evidence and that it was not otherwise in accordance with the law. He again raised the constitutionality of the order and investigation, asserting a due-process violation.
The Dental Board neglected to timely file the certification of record required under R.C. 119.12. Sohi moved to dismiss the appeal and vacate the Dental Board's order. The magistrate, relying on case law concerning R.C. 119.12, concluded that he had no choice but to enter judgment against the Dental Board because it had failed to timely file a certified record. The magistrate also granted the Dental Board's motion for leave to file certification of the record instanter. The trial court adopted the magistrate's decision.
Sohi moved for attorney fees under R.C. 2335.39(B). The parties addressed whether Sohi was the prevailing party and whether the Dental Board had been substantially justified in initiating the matter in controversy. The magistrate denied Sohi's motion, concluding that Sohi was not the prevailing party. It based its decision on this court's affirmance of the Dental Board's misconduct finding in Sohi I and on the fact that the decision to vacate the Dental Board's order was based on a procedural default that the Dental Board was free to remedy.
The trial court approved the magistrate's report. It concluded, based in part on Sohi I, that Sohi was not the prevailing party. It determined that "[e]xcept for the Board's failure to timely certify the record of the second administrative proceedings to the Hamilton County Court of Common Pleas as required by statute, the Appellant again would not have been successful and would be suspended from the practice of dentistry for six (6) months." It also recognized that even had Sohi been the prevailing party, he would not have automatically recovered attorney fees. It quoted the following from Sohi I: "[T]he allegations raised against Dr. Sohi which initiated this investigation are both serious and troubling, and all the more so because children are involved." And it noted that Sohi's misconduct toward the identified child was "sufficient to warrant disciplinary action."
It is from the trial court's order denying attorney fees that Sohi now appeals, contending in his sole assignment of error that the trial court erred by denying his motion.
In order to obtain attorney fees under R.C. 2335.39(B), the party seeking the fees must be a "prevailing eligible party." A prevailing eligible party does not automatically receive attorney fees.[4] A denial of an award is required if board establishes that it was substantially justified in initiating the matter in controversy.[5]
Because we conclude that the Dental Board demonstrated that its position in initiating this controversy was substantially justified, we need not address whether Sohi was the prevailing party in his appeal of the Dental Board's re-issuance of its order following our remand. The purpose of R.C. 2335.39 is "to censure frivolous government action which coerces a party to resort to the courts to protect his or her rights * * *."[6] The issue concerning whether the Dental Board's position was substantially justified is "whether the state's action or inaction was unreasonable on the facts or law."[7] Thus, "[i]f a reasonable person, knowledgeable in the area of law, believes that the [Dental Board's] position is correct, then the substantially justified standard has been met."[8]
Under the facts of this case, we conclude that the trial court properly denied Sohi's request for attorney fees under R.C. 2335.39. The Dental Board's action in ordering sanctions against Sohi was not unreasonable on the facts and under the law. Further, assuming for the sake of argument only that Sohi was the prevailing party, we are convinced that the failure of the Dental Board to prevail on the narrow procedural grounds on which this case was decided did not establish that its position was not substantially justified. Accordingly, we overrule Sohi's assignment.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Painter, P.J., Sundermann and Winkler, JJ.
[1] See Sohi v. Ohio State Dental Bd. (1998), 130 Ohio App.3d 414,720 N.E.2d 187.
[2] See Sohi v. Ohio State Dental Bd., supra.
[3] See, e.g., State ex rel. Sohi v. Williams, 80 Ohio St.3d 492,1997-Ohio-323, 687 N.E.2d 454.
[4] See Sohi v. Ohio State Dental Bd. at 425.
[5] See R.C. 119.02(B)(2)(a); R.C. 2335.39(B)(2)(a).
[6] See Malik v. State Med. Bd. (Sept. 28, 1989), 10th Dist. No. 88AP-741.
[7] See James v. Ohio Counselor and Social Worker Bd. (Nov.25, 1997), 7th Dist. No. 96-CO-65, citing Collyer v. Broadview Development Ctr.
(1992), 81 Ohio App.3d 445, 449, 611 N.E.2d 390.
[8] See Boyle v. Ohio State Med. Bd. (Aug. 7, 1990), 10th Dist. No. 89AP-1186.