BUCHERT, Exr., Appellant and Cross–Appellee,

v.

NEWMAN, Appellee and Cross–Appellant;

United States Fidelity and Guaranty Company, Cross–Appellant.

[Cite as *Buchert v. Newman* (1993), 90 Ohio App.3d 382.]

Court of Appeals of Ohio,
Hamilton County.

Nos. C–920393, C–920637 and C–920679.

Decided Sept. 22, 1993.

*Keating, Muething & Klekamp, Louis F. Gilligan* and *W. Keith Noel,* for appellant and cross-appellee.

*Dinsmore & Shohl, Michael D. Eagen* and *Nancy Korb Griffiths,* for appellee and cross-appellant James E. Newman and for cross-appellant United States Fidelity & Guaranty Company.

*Per Curiam.*

The plaintiff-appellant, Sister Mary Jerome Buchert, appeals from the trial court's order granting partial summary judgment in favor of the defendant-appellee, James E. Newman, on her wrongful-death claim filed on behalf of the next of kin of the decedent, Sister Mary F. Cochran ("Sister Mary"). In challenging the granting of summary judgment, the plaintiff contends that the Sisters of St. Ursula Convent ("the Convent") are "next of kin" of the decedent and are, therefore, beneficiaries of the wrongful-death claim asserted against the tortfeasor pursuant to R.C. 2125.02(A)(1). The assignment of error is not well taken.

On December 3, 1989, Sister Mary, a member of the Convent, and her passenger were killed when her automobile was struck by an automobile driven by Newman, who had failed to stop for a stop sign at an intersection. Newman's blood-alcohol content exceeded the legal limit. Before the trial of the wrongful-death claim, he stipulated that his negligence was the sole proximate cause of Sister Mary's death.

Sister Mary entered the Convent on February 2, 1952, at the age of seventeen. She remained there until her death at the age of fifty-five. As a member of the Convent, her vow of poverty required her to renounce ownership of property for the common good of the Convent, which depended primarily upon the earnings of its members for its support. Accordingly, she gave all of her income from employment to the Convent. At her death, she was earning $18,260 per year. The Convent calculated that Sister Mary had an expected earning capacity of fourteen more years, with a resultant economic loss due to her death of $255,640.

Sister Mary was survived by two natural sisters. As executor of Sister Mary's estate, the plaintiff filed a wrongful-death action on behalf of the two natural sisters and the Convent as next of kin. Following the summary judgment entered in favor of Newman on the plaintiff's claim asserted on behalf of the Convent, a jury awarded a judgment in the sum of $103,480.54 to the plaintiff on behalf of Sister Mary's two natural sisters.

█  A wrongful-death cause of action was not recognized at common law. It is strictly a creation of statute, subject to the rights and limitations imposed therein. *Rubeck v. Huffman* (1978), 54 Ohio St.2d 20, 8 O.O.3d 11, 374 N.E.2d 411. R.C. 2125.02(A)(1) states:

"Except as provided in this division, an action for wrongful death shall be brought in the name of the personal representative of the decedent for the exclusive benefit of the surviving spouse, the children, and the parents of the decedent, all of whom are rebuttably presumed to have suffered damages by reason of the wrongful death, and for the exclusive benefit of the other next of kin of the decedent."

To maintain a wrongful-death action on behalf of the Convent, it was incumbent upon the plaintiff to establish that the Convent qualified as "other next of kin." "Next of kin" is not defined by statute, but Black's Law Dictionary (6 Ed.1990) 1044, defines the term, in part, to mean "nearest blood relations according to law of consanguinity." In his text, Judge McCormac concludes that "other next of kin" as used in R.C. 2125.02(A)(1) is restricted to those beneficiaries entitled to take under the statute of descent and distribution and those related to the decedent in the second degree of consanguinity. McCormac, Wrongful Death in Ohio (1982) 13, Section 2.07. Included in this class of beneficiaries, although not presumed to have suffered damages by the decedent's wrongful death, are brothers, sisters, grandparents, and grandchildren. *Karr v. Sixt* (1946), 146 Ohio St. 527, 33 O.O. 14, 67 N.E.2d 331 (brothers and sisters).

█  The Supreme Court in *French v. Dwiggins* (1984), 9 Ohio St.3d 32, 9 OBR 123, 458 N.E.2d 827, held that the wrongful-death statute is remedial in nature. Therefore, as provided in R.C. 1.11, the statute is to be liberally

construed to promote its object. Even if we assume that the Convent sustained economic loss as a result of Sister Mary's wrongful death, as plaintiff argues, the Convent is not, even under liberal construction of the meaning of "other next of kin," a beneficiary within the scope of R.C. 2125.02(A)(1). A wrongful-death action cannot be brought on the Convent's behalf, and upon the undisputed facts, reasonable minds could come to but one conclusion, which, as a matter of law, was adverse to the Convent. *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 471, 364 N.E.2d 267, 274. Accordingly, the trial court correctly granted summary judgment under Civ.R. 56. The plaintiff's assignment of error is overruled.

The two assignments of error advanced in the cross-appeal, which address the trial court's supplemental order requiring United States Fidelity and Guaranty Company, Newman's insurance carrier, to satisfy immediately the judgment entered on behalf of Sister Mary's two natural sisters, are rendered moot by our resolution of the plaintiff's assignment of error, and are, therefore, not considered or decided as provided by App.R. 12(A)(1)(c).

Accordingly, the judgment of the trial court is affirmed.

*Judgment affirmed.*

SHANNON, P.J., and HILDEBRANDT and GORMAN, JJ., concur.