**STATE EMPLOYMENT RELATIONS BOARD et al., Appellants,**

**v.**

**PERKINS[1]; Cook, Appellee.**

[Cite as *State Emp. Relations Bd. v. Perkins* (2001), 144 Ohio App.3d 460.]

Court of Appeals of Ohio,
First District, Hamilton County.

Nos. C–000759 and C–000760.

Decided June 22, 2001.

---

1. Perkins voluntarily dismissed his appeal to the lower court and, thus, is not a party to this appeal, although he has been designated an appellee on the notice of appeal. We have *sua sponte* removed this case from the accelerated calendar.

*Betty D. Montgomery*, Attorney General, and *Dennis Morgan*, Assistant Attorney General, for appellant State Employment Relations Board.

*Victoria D. Garry*, Law Director, and *Stacy M. Wall*, Assistant Law Director, for appellants city of Norwood, Gary Hubbard, and Kevin Cross.

*Robert G. Kelly*, for appellee Dennis Cook.

---

PAINTER, Judge.

We are asked to decide whether R.C. 4117.12(B) requires the State Employment Relations Board ("SERB") to issue a complaint and to conduct a hearing, where SERB has determined that there is probable cause to believe that an unfair labor practice has been committed, but where SERB and the charged party have entered a settlement agreement rejected by the charging party. We hold, as did the trial court, that the clear language of the statute requires a hearing. (We note that had this case challenged SERB's decision concerning the *existence* of probable cause, mandamus would have been the appropriate remedy.[2])

Appellee Dennis Cook filed two unfair-labor-practice charges against appellants the city of Norwood, its Director of Public Service, Gary Hubbard, and its Superintendent of Public Works, Kevin Cross (collectively "Norwood"). SERB determined that there was probable cause for believing that Norwood had committed or was committing unfair labor practices in violation of R.C. 4117.11, by discriminating against Cook and by demoting Cook in retaliation for his "exercise of guaranteed rights." It combined Cook's charges and "referred the matter to a hearing."

The Ohio Attorney General, on behalf of SERB, moved to dismiss the charges based on a settlement agreement executed by SERB and Norwood. Cook did not sign the agreement and opposed the motion to dismiss. SERB adopted the settlement agreement and dismissed the unfair-labor-practice charges with prejudice. It concluded that "[t]he settlement agreement substantially remedies the underlying issues arising from the unfair labor practice charges, effectuates policies of O.R.C. Chapter 4117, and promotes good labor relations."

Cook appealed SERB's decision to the trial court. (SERB's directive granting the motion to dismiss had contained a notification of how to file an appeal under R.C. 4117.13[D].) Cook then moved to remand the case to SERB for a full hearing. The trial court granted Cook's request, concluding that the plain

---

2. See *State ex rel. Serv. Emp. Internatl. Union, Dist. 925 v. State Emp. Relations Bd.* (1998), 81 Ohio St.3d 173, 689 N.E.2d 962.

language of R.C. 4117.12(B) mandated that SERB issue a complaint and conduct a hearing when it had probable cause to believe that an unfair labor practice had occurred.

On appeal, SERB challenges the trial court's remand, arguing that SERB is not required to hold a hearing under R.C. 4117.12 after approving a settlement agreement. Norwood appeals also, raising two assignments of error. It first claims that the trial court erred by granting the motion to remand, because SERB has the authority to dismiss an unfair-labor-practice charge where the charge has been substantially remedied by a settlement agreement. It next contends that the trial court erred by not finding that Cook had received a full remedy under the settlement agreement. We have consolidated the appeals.

The issue here is whether the word "shall," as used in R.C. 4117.12(B), is mandatory. R.C. 4117.12(B) provides, in pertinent part, "If the board has probable cause for believing that a violation has occurred, the board *shall* issue a complaint and *shall* conduct a hearing concerning the charge." (Emphasis added.) SERB and Norwood argue that because R.C. Chapter 4117 is to be liberally construed to promote "orderly and constructive relationships between all public employers and their employees,"[3] and because the chapter cannot be interpreted so as to "prevent, hinder, or cripple SERB's ability to so act," the word "shall" must be read as directory, not mandatory.

Cook argues that the legislature's use of "shall" clearly mandates that SERB issue a complaint and conduct a hearing upon finding probable cause to believe that an unfair labor practice has occurred. Cook relies on the Ohio Supreme Court's statements in *State ex rel. Serv. Emp. Internatl. Union, Dist. 925 v. State Emp. Relations Bd.*[4] In that case, a labor-relations specialist for SERB investigated a claim of an unfair labor practice involving a university's decision to privatize its hospital operations, recommending that SERB find probable cause to believe that an unfair labor practice had been committed. SERB rejected the recommendation, determined that the investigator had failed to support a finding of probable cause, and dismissed the charge. The union then sought a writ of mandamus to compel SERB to issue a complaint and to conduct a hearing.

Thus, the issue before the Ohio Supreme Court was whether mandamus should lie where SERB had abused its discretion in dismissing an unfair-labor-practice charge on the basis of no probable cause, when there clearly was probable cause to believe that an unfair labor practice had occurred. The court issued the writ

---

3. See R.C. 4117.22.

4. See *State ex rel. Serv. Emp. Internatl. Union, Dist. 925 v. State Emp. Relations Bd., supra.*

and directed SERB to reinstate the unfair-labor-practice charge, to issue a complaint, and to conduct a hearing. In its decision, the court stated:

"R.C. 4117.12(B) mandates that SERB *shall* issue a complaint and *shall* conduct a hearing concerning an unfair labor practice charge if, following an investigation of the charge, it has probable cause to believe that an unfair labor practice has occurred. Thus, SERB has a clear legal duty to pursue an unfair labor practice case if it has probable cause to believe that an unfair labor practice has been committed. Additionally, the party that files the unfair labor practice charge with SERB has a clear legal right to have that charge proceed beyond the probable-cause stage of the proceeding if, in fact, there is probable cause to believe that an unfair labor practice has occurred." (Emphasis *sic.*)

In response to SERB's argument that its only clear legal duty under R.C. 4117.12(B) was to investigate unfair-labor-practice charges, the court found SERB's position to be wholly inconsistent with the language of R.C. 4117.12(B), which mandates not only that SERB investigate unfair-labor-practice charges, but also that it issue a complaint and conduct a hearing when there is probable cause to believe that unfair labor practices have occurred.[5]

The Supreme Court also rejected SERB's argument that R.C. Chapter 4117 implicitly allowed it to decline to issue a complaint, as long as its decision was based on "good labor policy for the benefit of the public." The court held that such an exception was neither expressed nor implied in R.C. 4117.12(B). According to the court, "The statute is clear and unambiguous. If probable cause exists that an unfair labor practice has occurred, SERB must issue a complaint and hold a hearing."[6]

### The Montgomery County Case

SERB relies on an unappealed and unreported 1990 Montgomery County Common Pleas case to support its argument that it was not required to issue a complaint or to hold a hearing before it dismissed Cook's unfair-labor-practice charge. In *State Emp. Relations Bd. v. Ohio Council 8, AFSCME, AFL–CIO,*[7] SERB found probable cause to believe that an unfair labor practice had occurred. It issued a complaint. Before a hearing was held, SERB and AFSCME entered a settlement agreement. SERB filed a motion to approve the agreement and to dismiss the complaint. The employee refused to be a party to the settlement

---

5. See *id.* at 178, 689 N.E.2d at 966.

6. See *id.* at 182, 689 N.E.2d at 969.

7. *State Emp. Relations Bd. v. Ohio Council 8, AFSCME, AFL–CIO* (Mar. 30, 1990), Montgomery C.P. No. 89–2150, unreported, 1990 WL 608247.

agreement and opposed SERB's motion. After the parties filed statements regarding whether a hearing was necessary, SERB approved the settlement agreement and dismissed the complaint and the unfair-labor-practice charge. That decision was appealed to the court of common pleas.

The employee asked the court to order SERB to rescind the agreement and to hold a hearing. The issue was whether the use of "shall" in R.C. 4117.12(B) mandated that SERB hold a hearing. The court determined that the plain language in R.C. 4117.12(B) required a hearing. But it also reasoned that R.C. 4117.22, which calls for R.C. Chapter 4117 to be liberally construed "for the accomplishment of the purpose of promoting orderly and constructive relationships between all public employers and their public employees," gave SERB discretion to hold a hearing. The court buttressed its conclusion with the Ohio Supreme Court's admonition that courts "afford due deference to SERB's interpretation of R.C. Ch. 4117," because "otherwise there would be no purpose in creating a specialized administrative agency, such as SERB, to make determinations."[8]

The common pleas court also found support in *Local 282, Internatl. Brotherhood of Teamsters v. NLRB*,[9] and its application of federal law to the National Labor Relations Board. According to the common pleas court's interpretation of that case, the National Labor Relations Act does not confer a private right of action on a charging party, instead giving the NLRB the role of "act[ing] on behalf of the public to vindicate public rights."[10] Thus, settlement agreements are acceptable if they "effectuate the policies of the act and promote good labor relations."[11] In sum, the court of common pleas determined that a hearing was not necessary and that the settlement agreement should be upheld.

We note that the common pleas decision was reached before the Ohio Supreme Court's discussion of the issue in *State ex rel. Serv. Emp. Internatl. Union, Dist. 925 v. State Emp. Relations Bd.* After that case, the Montgomery County case is no longer viable.

---

8. See *id.*, quoting *Lorain City School Dist. Bd. of Edn. v. State Emp. Relations Bd.* (1988), 40 Ohio St.3d 257, 260, 533 N.E.2d 264, 267.

9. See *Local 282, Internatl. Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am. v. Natl. Labor Relations Bd.* (C.A.2, 1964), 339 F.2d 795.

10. See *State Emp. Relations Bd. v. Ohio Council 8, AFSCME, AFL–CIO*, citing *Local 282, Internatl. Brotherhood of Teamsters v. NLRB* at 799.

11. *State Emp. Relations Bd. v. Ohio Council 8, AFSCME, AFL–CIO*, citing *Local 282, Internatl. Brotherhood of Teamsters v. NLRB* at 799.

## The Statutory Language is Unambiguous

█ We must determine here whether the trial court was correct in concluding that under R.C. Chapter 4117 SERB was required to issue a complaint and to hold a hearing before granting the motion to dismiss. Due deference should be afforded SERB's interpretation of R.C. Chapter 4117, but "when SERB's interpretation cannot be reconciled with the explicit language of R.C. Chapter 4117, that interpretation is not entitled to deference."[12]

█ The trial court determined that the plain language of R.C. 4117.12(B) mandated that SERB issue a complaint and conduct a hearing. The trial court was correct.

█ When a statute is unambiguous and definite, " 'it must be applied as written and no further interpretation is necessary.' "[13] Consequently, "[i]n order to determine the intent of the General Assembly in enacting legislation the court must give effect to the words used in the statute,"[14] and it can neither delete words nor insert words not used.[15]

█ In contrast, "[a] statute is ambiguous when its language is subject to more than one reasonable interpretation."[16] Thus, in cases of ambiguity, interpretation is necessary.[17] The Ohio Supreme Court has instructed that the word "shall" in a statute "shall be construed as mandatory unless there appears a clear and unequivocal legislative intent that [it] receive a construction other than [its] ordinary usage."[18]

---

12. See *State Emp. Relations Bd. v. Adena Local School Dist. Bd. of Edn.* (1993), 66 Ohio St.3d 485, 498, 613 N.E.2d 605, 615, fn. 6.

13. See *Clark v. Scarpelli* (2001), 91 Ohio St.3d 271, 274, 744 N.E.2d 719, 724, quoting *State ex rel. Savarese v. Buckeye Local School Dist. Bd. of Edn.* (1996), 74 Ohio St.3d 543, 545, 660 N.E.2d 463, 465.

14. See *id.*

15. See *Bernardini v. Conneaut Area City School Dist. Bd. of Edn.* (1979), 58 Ohio St.2d 1, 4, 12 O.O.3d 1, 2–3, 387 N.E.2d 1222, 1224, quoting *Columbus–Suburban Coach Lines, Inc. v. Pub. Util. Comm.* (1969), 20 Ohio St.2d 125, 127, 49 O.O.2d 445, 446, 254 N.E.2d 8, 9.

16. See *Clark v. Scarpelli* at 274, 744 N.E.2d at 724.

17. See *Bailey v. Republic Engineered Steels, Inc.* (2001), 91 Ohio St.3d 38, 40, 741 N.E.2d 121, 123.

18. See *Dorrian v. Scioto Conservancy Dist.* (1971), 27 Ohio St.2d 102, 56 O.O.2d 58, 271 N.E.2d 834, paragraph one of the syllabus.

The Ohio Supreme Court has also determined, albeit in *dicta*, that R.C. 4117.12(B) is "clear and unambiguous." [19] In its view, that provision requires SERB to issue a complaint and to conduct a hearing when there is probable cause to believe that unfair labor practices have occurred.[20] It is clear that the court has been unwilling to find an unwritten exception to the mandate based on public policy.[21] Although the facts and the procedural posture of *State ex rel. Serv. Emp. Internatl Union, Dist. 925 v. State Emp. Relations Bd.* differ from those in the case before us, the statute at issue is the same. We cannot ignore the Ohio Supreme Court's conclusions concerning the plain meaning of the statute.

SERB and Norwood ask us to find an exception in the statute where a settlement has been reached between SERB and the charged party. We are precluded from adding words to an unambiguous statute. Had the General Assembly intended for a settlement agreement between SERB and the entity charged with an unfair labor practice to preclude the charge from proceeding beyond the probable-cause stage, it could easily have expressed its intent by writing an exception into the statute. It did not, and we do not have license to do so. Thus, we conclude that the trial court was correct in remanding the case to SERB with instructions that SERB issue a complaint and hold a hearing. Accordingly, we overrule SERB's only assignment of error and Norwood's first assignment.

Norwood's second assignment of error is subsumed in its first assignment, and it is overruled for the same reasons. Therefore, we affirm the judgment of the trial court.

*Judgment affirmed.*

DOAN, P.J., and SUNDERMANN, J., concur.

---

**19.** See *State ex rel. Serv. Emp. Internatl. Union, Dist 925 v. State Emp. Relations Bd.* at 182, 689 N.E.2d at 969.

**20.** See *id.* at 178, 689 N.E.2d at 966.

**21.** See *id.* at 182, 689 N.E.2d at 969.