HAGHIGHI, Appellant,

v.

MOODY, Interim Dir., Ohio Department of Job and Family Services, Appellee.*

[Cite as *Haghighi v. Moody,* 152 Ohio App.3d 600, 2003-Ohio-2203.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–020465.

Decided May 2, 2003.

---

* Reporter's Note: The court sua sponte removed this case from the accelerated calendar.

McKinney & Namei Co., L.P.A., and John A. Rebel, for appellant.

Jim Petro, Attorney General, and Rebecca L. Thomas, Assistant Attorney General, for appellee.

---

Per Curiam.

{¶ 1} Appellant Reza Haghighi appeals from a judgment of the Hamilton County Court of Common Pleas denying his request for attorney fees in an ongoing dispute with appellee Ohio Department of Job and Family Services ("ODJFS"). We find merit in his arguments, and we, therefore, reverse the trial court's judgment.

{¶ 2} The record shows that Haghighi, a permanent resident of the United States, applied for Alien Emergency Medical Assistance ("AEMA") pursuant to Ohio Adm.Code 5101:1–39–80 to pay for medical treatment he received for congestive heart failure. His sponsor under federal immigration law was his daughter, Kobra Haghighi. In processing Haghighi's application, ODJFS asked Kobra to supply a copy of an affidavit of support she had provided to the United States Immigration and Naturalization Service and other financial information to determine whether her income and resources should be "deemed" to her father. She refused to supply this information on the basis that various federal laws prohibited ODJFS from using it in making its determination and from deeming the sponsor's resources or income to the alien seeking AEMA.

{¶ 3} The agency denied Haghighi's application for "failure to cooperate." Subsequently, Haghighi requested a hearing. At that hearing, the only issue addressed was Kobra's failure to supply the requested information and whether ODJFS was entitled to that information. The hearing officer did not hear evidence on Haghighi's medical condition or treatment. In fact, when asked whether he wanted testimony regarding Haghighi's medical condition, the hearing officer stated, "We will not get into that."

{¶ 4} Following the hearing, the hearing officer concluded that Haghighi's application should be denied. Haghighi filed an administrative appeal with ODJFS, which affirmed the hearing officer's decision. In his decision, the administrative hearing examiner indicated that because ODJFS never received the information it had requested, it properly denied Haghighi's application "on the basis that eligibility could not be determined without the affidavit and other verifications."

{¶ 5} Haghighi appealed from the agency's decision to the court of common pleas pursuant to R.C. 5101.35(E) and 119.12. At the same time, his attorney drafted a complaint under Sections 1983 and 1988, Title 42, U.S.Code, and

threatened to file a federal civil-rights action. Consequently, ODJFS vacated its prior decision in the administrative appeal, stating that federal law did prohibit the deeming of the sponsor's income and resources to the alien. It ordered that the hearing officer's decision denying Haghighi's application should be reversed and "the case remanded back to the county *to determine the appellant's AEMA eligibility* without considering the income of appellant's sponsor." (Emphasis added.) The agency also revised its regulations to provide that a sponsor's resources should not be deemed to the applicant.

{¶ 6} Subsequently, the common pleas court dismissed Haghighi's appeal as moot but allowed his motion for attorney fees to proceed. A magistrate held that attorney fees were precluded under R.C. 119.092(F)(2), which states that the provisions of the statute allowing attorney fees to certain prevailing parties do not apply when "[a]n adjudication hearing was conducted for the purpose of determining the eligibility or entitlement of any individual to benefits[.]" The trial court overruled Haghighi's objections to the magistrate's report and affirmed the magistrate's decision. Haghighi then filed a timely appeal with this court.

{¶ 7} Haghighi presents two assignments of error for review. In both assignments of error, he contends that the trial court erred in concluding that an award of attorney fees was precluded by R.C. 119.092(F)(2). He contends that this provision did not apply because there was no hearing conducted "for the purpose of determining the eligibility or entitlement of any individual to benefits." We find these assignments of error to be well taken.

{¶ 8} In an administrative appeal, an appellate court applies an abuse-of-discretion standard regarding factual issues. On questions of law, however, the court reviews de novo. *Univ. Hosp., Univ. of Cincinnati College of Medicine v. State Emp. Relations Bd.* (1992), 63 Ohio St.3d 339, 343–344, 587 N.E.2d 835; *Sohi v. Ohio State Dental Bd.* (1998), 130 Ohio App.3d 414, 421, 720 N.E.2d 187. On issues of law, an appellate court "must make its own independent determination of the law to be applied to the facts found by the agency and held by the common pleas court to be supported by reliable, probative and substantial evidence." *Lewis v. Ohio Dept. of Human Serv.* (2000), 137 Ohio App.3d 458, 464–465, 738 N.E.2d 1264; *Franklin Cty. Bd. of Commrs. v. State Emp. Relations Bd.* (1993), 92 Ohio App.3d 585, 588, 636 N.E.2d 407.

{¶ 9} R.C. 5101.35(A)(2) and (E) provide that an applicant of a family services program that disagrees with an administrative appeal decision of the director of job and family services may appeal from that decision to the court of common pleas pursuant to R.C. 119.12. Thus, an appeal taken from a decision of ODJFS is governed by the provisions of the Administrative Procedure Act as codified in R.C. 119.12. *Lewis,* supra, 137 Ohio App.3d at 463, 738 N.E.2d 1264. R.C.

119.12 provides that the common pleas court "shall award compensation for fees in accordance with section 2335.39 of the Revised Code to a prevailing party, other than an agency, in an appeal filed pursuant to this section."

{¶ 10} R.C. 2335.39 is Ohio's version of the Federal Equal Access to Justice Act. It was passed to censure frivolous government action that coerces a party to resort to the courts to protect his or her rights. *Collyer v. Broadview Dev. Ctr.* (1992), 81 Ohio App.3d 445, 448, 611 N.E.2d 390; *Ricker v. Ohio State Motor Vehicle Dealers Bd.* (Sept. 29, 1998), 10th Dist. No. 97APE12–1672, 1998 WL 680976; *Cohen v. Dept. of Taxation,* Ct. of Claims No. 2001–09958, 2002-Ohio-420, 2002 WL 31989161. It serves to "encourage relatively impecunious private parties to challenge unreasonable or oppressive governmental behavior by relieving such parties of the fear of incurring large litigation expenses." *Collyer,* supra, at 448, 611 N.E.2d 390, quoting *Spencer v. NLRB* (C.A.D.C.1983), 712 F.2d 539, 549. See, generally, Constantini & Skindell, Fee Shifting in Ohio: An Overview of Ohio's Version of the Equal Access to Justice Act (1989), 18 Capital U.L.Rev. 201.

{¶ 11} R.C. 2335.39(F) provides that it has no application "in an appeal pursuant to section 119.12 of the Revised Code that involves an adjudication order entered after a hearing described in division (F) of section 119.092 of the Revised Code[.]" R.C. 119.092(F)(2) provides that attorney fees are not available when "[a]n adjudication hearing was conducted for the purpose of determining the eligibility or entitlement of any individual to benefits."

{¶ 12} We find no cases interpreting R.C. 119.092(F)(2) to provide guidance for the meaning of the phrase "for the purpose of determining the eligibility or entitlement of any individual to benefits." General principles of statutory interpretation dictate that if the language of a statute is clear and unambiguous, it must be applied as written. *State ex rel. Savarese v. Buckeye Local School Dist. Bd. of Edn.* (1996), 74 Ohio St.3d 543, 545, 660 N.E.2d 463; *State Emp. Relations Bd. v. Perkins* (2001), 144 Ohio App.3d 460, 466, 760 N.E.2d 850. In our view, the phrase at issue in this case is not subject to more than one reasonable interpretation, and it is, therefore, unambiguous. See *Clark v. Scarpelli* (2001), 91 Ohio St.3d 271, 274, 744 N.E.2d 719; *Perkins,* supra, at 466, 760 N.E.2d 850.

{¶ 13} In most administrative appeals, the hearing before the hearing officer will be for the purpose of determining an individual's eligibility for or entitlement to benefits under the statutory criteria for those benefits. Therefore, the hearing in those cases will fall under the exception set forth in R.C. 119.092(F)(2). In this case, however, the hearing was not held to determine whether Haghighi was eligible for benefits under the criteria set forth in Ohio Adm.Code 5101:1–39–80. In fact, the hearing officer stated that he was not interested at that time in hearing evidence about Haghighi's medical condition, which would have been

necessary to determine whether his treatment was for an "emergency medical condition" as defined in Ohio Adm.Code 5101:1–39–80(C). The sole issue at the hearing was whether Haghighi's daughter was required to provide the information requested by ODJFS.

{¶ 14} Further, the language used by ODJFS to discuss the case indicates that the hearing was not to determine eligibility within the meaning of the statute. The decision in the administrative appeal specifically stated that eligibility could not be determined without the sponsorship affidavit and other financial information. Further, after reversing its previous position regarding deeming and vacating its prior decision in the administrative appeal, ODJHS remanded the case to determine Haghighi's eligibility for benefits under the provisions of the Administrative Code, which would not have been necessary had that issue already been heard. That hearing on remand would be the hearing for which attorney fees would be precluded pursuant to R.C. 119.092(F)(2). Since the hearing that occurred in this case was not for the purpose of determining Haghighi's eligibility for benefits under the plain meaning of the statute, he was not precluded from receiving an award of his attorney fees related to that hearing.

{¶ 15} Even if we were to conclude that the statute is ambiguous, we would not reach a different conclusion. Since the statutes providing for attorney fees are remedial, we must liberally construe then to promote their object, which in this case is to prevent oppressive government action. R.C. 1.11; *Barker v. State* (1980), 62 Ohio St.2d 35, 42, 16 O.O.3d 22, 402 N.E.2d 550; *Buchert v. Newman* (1993), 90 Ohio App.3d 382, 385–385, 629 N.E.2d 489. In this case, ODJHS sought information to which federal law clearly stated it was not entitled and sought to deem the sponsor's income to the applicant, which federal law also prohibited. Haghighi incurred attorney fees fighting this governmental over-reaching.

{¶ 16} Accordingly, we hold that the trial court erred by denying Haghighi's application for attorney fees on the basis that attorney fees were precluded by R.C. 119.092(F)(2). We sustain his two assignments of error, reverse the trial court's judgment, and remand the matter for the court to determine what attorney fees are appropriate under the other provisions of R.C. 2335.39 and 119.092.

*Judgment reversed*
*and cause remanded.*

SUNDERMANN, P.J., DOAN and WINKLER, JJ., concur.