CINCINNATI CITY SCHOOL DISTRICT BOARD OF EDUCATION, Appellant,

v.

STATE BOARD OF EDUCATION OF OHIO et al., Appellees.

[Cite as *Cincinnati City School Dist. Bd. of Edn. v. State Bd. of Edn. of Ohio,* 176 Ohio App.3d 678, 2008-Ohio-2845.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–070494.

Decided June 13, 2008.

Bricker & Eckler L.L.P., Nicholas A. Pittner, James J. Hughes III, Jennifer A. Flint, and C. Allen Shaffer, for appellant.

Nancy Hardin Rogers, Attorney General, and Todd. R. Marti, Assistant Attorney General, for appellees.

SYLVIA S. HENDON, Judge.

{¶ 1} Plaintiff-appellant, the Cincinnati City School District Board of Education ("the District"), filed suit against defendants-appellees, the State Board of Education of Ohio and the Ohio Department of Education ("the State Board"). The District sought to challenge the State Board's method of providing funding to public school districts. The District was successful in its lawsuit. The trial court granted it summary judgment, and this court recently upheld the trial court's decision.[1]

{¶ 2} Subsequent to the entry of summary judgment, the District filed a motion pursuant to R.C. 2335.39 seeking compensation for the attorney fees that it had incurred. The trial court denied the motion for attorney fees on the ground that the District was not an eligible party entitled to such fees.

{¶ 3} The District has appealed from the trial court's denial of its motion for attorney fees, arguing in its sole assignment of error that the trial court's ruling was in error. For the following reasons, the judgment of the trial court is reversed.

### R.C. 2335.39 and the Trial Court's Decision

{¶ 4} R.C. 2335.39 provides that a prevailing eligible party in a civil suit against the state may seek compensation for attorney fees. R.C. 2335.39(A)(2) defines who is an eligible party. It specifically states that an eligible party is "a party to an action or appeal involving the state, other than the following: (a) The state; (b) An individual whose net worth exceeded one million dollars at the time the action or appeal was filed; (c) A sole owner of an unincorporated business that had, or a partnership, corporation, association, or organization that had, a net

---

1. See *Cincinnati City School Dist. Bd. of Edn. v. State Bd. of Edn.*, 176 Ohio App.3d 157, 2008-Ohio-1434, 891 N.E.2d 352.

worth exceeding five million dollars at the time the action or appeal was filed
* * *; (d) A sole owner of an unincorporated business that employed, or a
partnership, corporation, association, or organization that employed, more than
five hundred persons at the time the action or appeal was filed."

{¶ 5} The trial court determined that under R.C. 2335.39(A)(2)(d), the District
was an organization that employed more than 500 persons at the time that the
underlying action had been filed. R.C. 2335.39 does not define "organization."
Because the legislature chose not to define the term, the trial court relied on the
dictionary definition of "organization" to determine whether the District fell
within this category. The trial court specifically relied on the Fifth Edition of
Black's Law Dictionary, which states that "[o]rganization includes a corporation,
government or governmental subdivision or agency, business trust, estate, trust,
partnership or association, two or more persons having a joint or common
interest, or any other legal or commercial entity."[2] The trial court additionally
cited the *dictionary.com* definition of organization as "a group of people orga-
nized for some end or work."

{¶ 6} Concluding that the District was an organization employing more than
500 people, the trial court denied its motion for attorney fees.

### Standard of Review

{¶ 7} We must first determine what standard is applicable to our review
of the trial court's decision.

{¶ 8} The District argues that the central issue on appeal is a question of law
concerning whether the trial court correctly construed R.C. 2335.39(A) to deter-
mine that the District was an organization. Consequently, the District asserts
that this court must review de novo the trial court's denial of its motion for
attorney fees.

{¶ 9} But the State Board argues that this court must review the trial court's
decision for an abuse of discretion, as that is the applicable standard of review for
fee decisions.

{¶ 10} The State Board correctly notes that R.C. 2335.39(B)(2)(b) provides that
"[t]he order of the court may be modified by the appellate court only if it finds
that the grant or the failure to grant an award, or the calculation of the amount of
an award, involved an abuse of discretion."

{¶ 11} But it is also well settled that the interpretation of statutory
authority is a question of law that is reviewed de novo.[3] In this case, the trial

---

2. Black's Law Dictionary (5th Ed.Rev.1979) 991.

3. *State v. Consilio*, 114 Ohio St.3d 295, 2007-Ohio-4163, 871 N.E.2d 1167, ¶ 8.

court declined to grant a fee award after interpreting the term "organization" in R.C. 2335.39(A)(2)(d) to include a school district. The failure to grant a fee award directly correlated with the trial court's interpretation of the term "organization." Accordingly, we determine that as the central issue in this appeal is a question of law, our review of the trial court's decision is de novo.

### Eligible Party

{¶ 12} We must now determine whether the District is an eligible party under R.C. 2335.39(A)(2). The term "eligible party" is defined in terms of exclusions. In other words, all parties to an action or appeal involving the state other than those described in subdivisions (A)(2)(a) through (A)(2)(d) are eligible parties.

### R.C. 2335.39(A)(2)(a), (b), and (c)

{¶ 13} R.C. 2335.39(A)(2)(a) provides that "the state" is not an eligible party. The statute further indicates that the term "state" should be accorded "the same meaning as in section 2743.01 of the Revised Code."[4] R.C. 2743.01(A) defines state as "the state of Ohio, including, but not limited to, the general assembly, the supreme court, the offices of all elected state officers, and all departments, boards, offices, commissions, agencies, institutions, and other instrumentalities of the state. 'State' does not include political subdivisions."

{¶ 14} R.C. 2743.01(B) further defines the term "political subdivisions" as "municipal corporations, townships, counties, school districts, and all other bodies corporate and politic responsible for governmental activities only in geographic areas smaller than that of the state to which the sovereign immunity of the state attaches." This statute clearly indicates that a school district is a political subdivision. And political subdivisions are not included in the definition of "state." Consequently, the District is not "the state" and is not excluded as an eligible party under R.C. 2335.39(A)(2)(a).

{¶ 15} No assertion has been made that the District should be excluded as an eligible party under R.C. 2335.39(A)(2)(b) or (c). And it is clear from the definition of these subdivisions that they are not applicable to the District. Consequently, they need not be further addressed.

### R.C. 2335.39(A)(2)(d)

{¶ 16} As we have stated, R.C. 2335.39(A)(2)(d) excludes as an eligible party "[a] sole owner of an unincorporated business that employed, or a partnership, corporation, association, or organization that employed, more than five hundred persons at the time the action or appeal was filed."

---

4.  See R.C. 2335.39(A)(6).

{¶ 17} The statute does not define the terms contained in the subdivision, and the District does not openly and obviously fall within any of the enumerated categories. Because the statute itself does not define "organization," the trial court relied on the dictionary definition of the term to conclude that the District was an organization. We cannot agree with the trial court's conclusion.

{¶ 18} When interpreting this statute, we must keep in mind an important principle of statutory construction, that of ejusdem generis. "Under the rule of ejusdem generis, where in a statute terms are first used which are confined to a particular class of objects having well-known and definite features and characteristics, and then afterwards a term having perhaps a broader signification is conjoined, such latter term is, as indicative of legislative intent, to be considered as embracing only things of a similar character as those comprehended by the preceding limited and confined terms."[5]

{¶ 19} R.C. 2335.39(A)(2)(d) lists the following terms: unincorporated business, partnership, corporation, association, and organization. After applying the principle of ejusdem generis, we determine that city school districts do not share similar characteristics with the other entities listed in this statute and that they should not be considered organizations.

{¶ 20} Black's Law Dictionary defines a school district as a "political subdivision of a state, created by the legislature and invested with local powers of self-government, to build, maintain, fund, and support the public schools within its territory and to otherwise assist the state in administering its educational responsibilities."[6] A school district is clearly an entity responsible for governmental activities for the purpose of ensuring a functioning public school system.

{¶ 21} But the definition of the other entities listed in R.C. 2335.39(A)(2)(d) indicates that they do not share a similar purpose. Black's Law Dictionary defines "partnership" as a "voluntary association of two or more persons who own and carry on a business for profit."[7] "Corporation" is defined as an "entity having authority under law to act as a single person distinct from the shareholders who own it and having rights to issue stock and exist indefinitely."[8] And an "association" is both an "unincorporated organization that is not a legal entity separate from the persons who compose it" and a "gathering of people for a

---

5. *Moulton Gas Serv., Inc. v. Zaino*, 97 Ohio St.3d 48, 2002-Ohio-5309, 776 N.E.2d 72, ¶ 14, quoting *State v. Aspell* (1967), 10 Ohio St.2d 1, 39 O.O.2d 1, 225 N.E.2d 226, paragraph two of the syllabus.

6. Black's Law Dictionary (8th Ed.Rev.2004) 1373.

7. Id. at 1152.

8. Id. at 365.

common purpose."[9]  Last, while Black's Law Dictionary does not specifically define "unincorporated business," it does define the term "business" as a "commercial enterprise carried on for profit."[10]

{¶ 22} The definitions of partnerships, corporations, associations, and unincorporated businesses indicate that such entities do not possess governmental powers, but rather are usually private bodies.  The purpose of these entities is generally to make a profit for their members, not to assist the state or to regulate a not-for-profit entity such as a public school.  Further, the governing bodies of these entities are not elected by popular vote in the manner pertaining to a school board.

{¶ 23} All the foregoing observations lead us to conclude that the term "organization" in R.C. 2335.39(A)(2)(d) was not intended to encompass entities such as a school district.

{¶ 24} And although a determination still must be made as to the merits of the District's fee claim and the amount the District is entitled to recover in attorney fees, we note that our conclusion comports with the basic purpose of R.C. 2335.39. The District was forced to bring this action because the State Board had failed to follow the method for calculating school funding mandated by the Ohio Revised Code.  The State Board's action led to this lawsuit, and as the District prevailed in its lawsuit, the trial court should consider the merits of its claim for attorney fees.

{¶ 25} Because a school district is not an organization, the trial court erred in determining that the District was not an eligible party under R.C. 2335.39(A)(2). The District's assignment of error is sustained.

### Conclusion

{¶ 26} Having sustained the District's sole assignment of error, we reverse the trial court's judgment and remand this case for the trial court to reconsider the District's motion for attorney fees based on the determination that the District is an eligible party.

Judgment reversed
and cause remanded.

SUNDERMANN, P.J., and CUNNINGHAM, J., concur.

---

9.  Id. at 132.

10.  Id. at 211.