[Cite as *Cincinnati City School Dist. Bd. of Edn. v. State Bd. of Edn.,* 122 Ohio St.3d 557, 2009-Ohio-3628.]

CINCINNATI CITY SCHOOL DISTRICT BOARD OF EDUCATION, APPELLEE, *v.* STATE BOARD OF EDUCATION OF OHIO ET AL., APPELLANTS.

[Cite as *Cincinnati City School Dist. Bd. of Edn. v. State Bd. of Edn.,* 122 Ohio St.3d 557, 2009-Ohio-3628.]

*Attorney fees — R.C. 2335.39(A)(2)(d) — "Organization" construed to include school board.*

(No. 2008-1480 — Submitted June 3, 2009 — Decided July 30, 2009.)

APPEAL from the Court of Appeals for Hamilton County,

No. C-070494, 176 Ohio App.3d 678, 2008-Ohio-2845.

_____

**LUNDBERG STRATTON, J.**

**{¶ 1}** Appellants, the State Board of Education of Ohio and the Ohio Department of Education, advance the following proposition of law: "A school district with more than 500 employees is an 'organization' barred from recovering attorney fees by R.C. 2335.39(A)(2)(d)."

**{¶ 2}** For the reasons that follow, we hold that a school district board of education is subsumed within the meaning of "organization" in R.C. 2335.39(A)(2)(d). Because the Cincinnati City School District Board of Education, appellee, is an organization with more than 500 employees, it is not an eligible party for purposes of recovering attorney fees under R.C. 2335.39. We reverse the judgment of the court of appeals and reinstate the judgment of the trial court.

**{¶ 3}** The Cincinnati school board filed an action against the appellants disputing the state's method of calculating certain funding to public school districts. The trial court granted relief to Cincinnati, and the Hamilton County Court of Appeals affirmed the judgment. *Cincinnati City School Dist. Bd. of Edn.*

*v. State Bd. of Edn.*, 176 Ohio App.3d 157, 2008-Ohio-1434, 891 N.E.2d 352. After this court agreed to review the case, the parties settled and the case was dismissed on the appellants' motion. 119 Ohio St.3d 1443, 2008-Ohio-4487, 893 N.E.2d 515, 119 Ohio St.3d 1498, 2008-Ohio-5500, 895 N.E.2d 562.

{¶ 4} Thereafter, the Cincinnati school board moved the trial court for an award of attorney fees pursuant to R.C. 2335.39 as a prevailing eligible party. The trial court denied the motion, concluding that the board was not an "eligible party" for a fee award, because a school board is an "organization" for purposes of R.C. 2335.39(A)(2). The court of appeals reversed and remanded. *Cincinnati City School Dist. Bd. of Edn. v. State Bd. of Edn. of Ohio*, 176 Ohio App.3d 678, 2008-Ohio-2845, 893 N.E.2d 530. The appellate court concluded that the term "organization" in R.C. 2335.39(A)(2)(d) was not intended to encompass entities such as a school board. Thus, the Cincinnati school board was not excluded from eligibility under R.C. 2335.39(A)(2). Id. at ¶ 23.

{¶ 5} The cause is before this court upon the acceptance of a discretionary appeal. 120 Ohio St.3d 1416, 2008-Ohio-6166, 897 N.E.2d 651.

{¶ 6} The school board's motion for attorney fees was based upon R.C. 2335.39(B)(1), which provides:

{¶ 7} "Except as provided in divisions (B)(2) and (F) of this section, in a civil action, or appeal of a judgment in a civil action, to which the state is a party, or in an appeal of an adjudication order of an agency pursuant to section 119.12 of the Revised Code, the *prevailing eligible party* is entitled, upon filing a motion in accordance with this division, to compensation for fees incurred by that party in connection with the action or appeal. Compensation, when payable to a prevailing eligible party under this section, is in addition to any other costs and expenses that may be awarded to that party by the court pursuant to law or rule." (Emphasis added.)

2

**{¶ 8}** To be entitled to an award of fees, a party must be a "prevailing eligible party," which is defined as "an eligible party that prevails in an action or appeal involving the state." R.C. 2335.39(A)(5). An "eligible party" is defined in terms of exclusions:

**{¶ 9}** "(2) 'Eligible party' means a party to an action or appeal involving the state, other than the following:

**{¶ 10}** "(a) The state;

**{¶ 11}** "(b) An individual whose net worth exceeded one million dollars at the time the action or appeal was filed;

**{¶ 12}** "(c) A sole owner of an unincorporated business that had, or a partnership, corporation, association, or organization that had, a net worth exceeding five million dollars at the time the action or appeal was filed, except that an organization that is described in subsection 501(c)(3) and is tax exempt under subsection 501(a) of the Internal Revenue Code shall not be excluded as an eligible party under this division because of its net worth;

**{¶ 13}** "(d) A sole owner of an unincorporated business that employed, or a partnership, corporation, association, or organization that employed, more than five hundred persons at the time the action or appeal was filed." R.C. 2335.39(A)(2).

**{¶ 14}** The state opposed the school board's motion for attorney fees on the basis that it was not an eligible party because it is an "organization that employed, more than five hundred persons at the time the action or appeal was filed." R.C. 2335.39(A)(2)(d). The narrow issue before us is whether the word "organization" in R.C. 2335.39(A)(2)(d) encompasses a school district board of education.

**{¶ 15}** R.C. 2335.39 does not define "organization." When a word is not defined, we use its common, ordinary, and accepted meaning unless it is contrary to clear legislative intent. *Hughes v. Ohio Dept. of Commerce*, 114 Ohio St.3d 47,

2007-Ohio-2877, 868 N.E.2d 246, ¶ 14. We also read the word in context using rules of grammar and common usage. R.C. 1.42.

{¶ 16} Webster's Third New International Dictionary (1986) 1590 defines organization as "a group of people that has a more or less constant membership, a body of officers, a purpose and usu. a set of regulations." Black's Law Dictionary (8th Ed.2004) 1133 defines "organization" as "[a] body of persons (such as a union or corporation) formed for a common purpose." See also American Heritage Dictionary (4th Ed.2000) 1239 ("A group of persons organized for a particular purpose; an association"). Thus, the common meaning of the term "organization" requires a group of members having a common purpose.

{¶ 17} A school district board of education is a statutorily created entity composed of individual members responsible for governing a school district or educational service center. R.C. 3311.055. It is described as "a body politic and corporate." R.C. 3313.17. Thus, the common, ordinary meaning of the word "organization" encompasses a school board.

{¶ 18} However, the Cincinnati school board contends that we must construe "organization" in the context of other entities listed in R.C. 2335.39(A)(2)(d). According to the board, because the words "organization" and "association" are expansive terms that follow more specifically named entities of unincorporated business, partnership, and corporation – entities that the board contends are nongovernmental – "organization" in this context also refers only to nongovernmental entities. Similarly, the appellate court relied on the doctrine of ejusdem generis to conclude that a school board does not share similar characteristics with other entities listed in R.C. 2335.39(A)(2)(d), i.e., unincorporated business, partnership, corporation, association, so it is not an organization. 176 Ohio App.3d 678, 2008-Ohio-2845, 893 N.E.2d 530, ¶ 19.

{¶ 19} We disagree. R.C. 2335.39(A)(2)(d) excludes five broad categories or groups that may exist in various forms or for various purposes.

These entities may be private or government groups. The statute includes no limitations, and we are constrained from adding or subtracting terms when construing statutory language. *In re Adoption of Holcomb* (1985), 18 Ohio St.3d 361, 366, 18 OBR 419, 481 N.E.2d 613. The only applicable similarity that is required for purposes of R.C. 2335.39(A)(2)(d) is the number of employees, i.e., more than 500 at the time the action or appeal was filed.

{¶ 20} Furthermore, the doctrine of ejusdem generis does not operate to exclude a school board from being an organization for purposes of R.C. 2335.39(A)(2)(d). Under the doctrine, "whenever words of general meaning follow the enumeration of a particular class, then the general words are to be construed as limited to those things which pertain to the particularly enumerated class." *Akron Home Med. Servs., Inc. v. Lindley* (1986), 25 Ohio St.3d 107, 109, 25 OBR 155, 495 N.E.2d 417. See also *Moulton Gas Serv., Inc. v. Zaino*, 97 Ohio St.3d 48, 2002-Ohio-5309, 776 N.E.2d 72, ¶ 14. However, the terms "partnership," "corporation," and "association" are general terms just as "organization" is. Each is a general category having multiple subcategories. Thus, we do not agree with the appellate court's application of ejusdem generis to construe the word "organization" in the statute.

{¶ 21} The school board also contends that R.C. 2335.39(A)(2)(a) expressly excludes the state from being an eligible party, and "state" as defined in R.C. 2743.01 (incorporated by reference in subsection (A)(6)) expressly excludes political subdivisions. Thus, according to the board, political subdivisions are not excluded from being eligible parties.

{¶ 22} In general, we agree that political subdivisions are not excluded under R.C. 2335.39(A)(2)(a); however, we do not read this exclusion as broadly as the Cincinnati school board suggests to *include* all political subdivisions as eligible parties. That a political subdivision is not excluded under R.C.

2335.39(A)(2)(a) does not determine eligibility if other statutory provisions apply to exclude a political subdivision.

{¶ 23} R.C. 2335.39(A)(2) excludes from eligibility those who most likely have the ability to pay litigation costs: entities with a certain number of employees or net worth, wealthy individuals, and the state. The Cincinnati school board is an organization with more than 500 employees; thus, it is excluded from being an eligible party. This exclusion comports with the underlying purpose of this fee-shifting statute: to assist economically disadvantaged parties who have prevailed in proceedings in which the state is a party. See *Haghighi v. Moody*, 152 Ohio App.3d 600, 2003-Ohio-2203, 789 N.E.2d 673, ¶ 10, quoting *Spencer v. Natl. Labor Relations Bd.* (C.A.D.C.1983), 712 F.2d 539, 549 ("R.C. 2335.39 is Ohio's version of the Federal Equal Access to Justice Act. It was passed to censure frivolous government action that coerces a party to resort to the courts to protect his or her rights. It serves to ' "encourage relatively impecunious private parties to challenge unreasonable or oppressive governmental behavior by relieving such parties of the fear of incurring large litigation expenses." ' " [Citations omitted]).

{¶ 24} For the foregoing reasons, we reverse the judgment of the court of appeals and reinstate the judgment of the trial court.

Judgment accordingly.

MOYER, C.J., and O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

PFEIFER, J., dissents.

_____

**PFEIFER, J., dissenting.**

{¶ 25} I would affirm the judgment of the court of appeals. Yes, "organization" is a rather general term, but it appears in R.C. 2335.39(A)(2)(d) among a list of words describing voluntarily created business enterprises. In

contrast, a local board of education is a statutorily created political subdivision. In regard to governmental entities, R.C. 2335.39(A)(2)(a) excludes only "[t]he state." R.C. 2335.39(A)(2)(a) would have been the logical place to list other political subdivisions that were also excluded from an award of fees. Moreover, R.C. 2335.39(A)(2)(c) also refers to an "organization" but speaks in terms of net worth and possible tax-exempt status under the Internal Revenue Code. It's not talking about school boards.

**{¶ 26}** A board of education simply does not fit as an R.C. 2335.39(A)(2)(d) exclusion. And if it doesn't fit, we must omit.

_____

Bricker & Eckler, L.L.P., Nicholas A. Pittner, James J. Hughes III, Jennifer A. Flint, and Allen Shaffer, for appellee.

Richard Cordray, Attorney General, Benjamin C. Mizer, Solicitor General, Alexandra T. Schimmer, Chief Deputy Solicitor General, Stephen P. Carney, Deputy Solicitor, and Todd R. Marti and Jason Patrick Small, Assistant Solicitors, for appellants.

_____